UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re:<br><br>Banyan Cay Resort & Golf, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-12386<br><br>(Jointly Administered) |

### DEBTORS' MOTION FOR AN ORDER
### (I) AUTHORIZING PAYMENT OF PREPETITION
### CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELIEF

*(Emergency Hearing Requested)*

**Basis for Expedited Relief**

The Debtors seek to continue to operate their business in the ordinary course, to preserve the value of their estates, to preserve jobs, and to facilitate their orderly reorganization. Without the immediate authorization to pay the Staffing Group, as discussed herein, the Debtors will be forced to retain new groundskeepers at a significantly higher rate, eviscerating any potential savings gained by not paying the prepetition claim thereof. The Debtors respectfully request that the Court conduct a hearing on this Motion at the hearing schedule for April 5, 2023, consistent with Local Rule 9013-1(F), as the Debtors believe that a hearing on this Motion is needed as soon as practicable in order for them to continue to operate. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtors and debtors in possession (the "Debtors") respectfully state

as follows in support of this motion (this "Motion"):[2]

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Gerard A. McHale, Jr. in Support of the Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed on the Petition Date and incorporated by reference herein, as well

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (respectively, the "Order"): (a) authorizing the Debtors to pay certain vendors and service providers critical to the Debtors' business on account of certain prepetition obligations owed thereto, and (b) granting related relief..

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 6003, and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Rules").

---

as the *Declaration of Gerard A. McHale, Jr. in Support of Certain Emergency Relief* (the "Emergency Relief Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**Background**

5.     On March 29, 2023 (the "Petition Date"), each of the Debtors other than Banyan Cay Mezzanine Borrower, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") before the Bankruptcy Court.  Banyan Cay Mezzanine Borrower, LLC filed its voluntary petition for relief on February 16, 2023.

6.     The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

7.     The Debtors collectively own, develop, and operate Banyan Cay Resort & Golf Club, as well as businesses and developments related thereto, in West Palm Beach, Florida.  A more detailed description of the Debtors' history and the facts surrounding the commencement of the Chapter 11 Cases is set forth in the First Day Declaration, which is incorporated herein by reference.

**Basis for Relief**

**I.  Pre-Petition Critical Vendor Claims.**

8.     The Debtors seek authority to pay the pre-petition claims of certain vendors that are critical to the Debtors' maintenance of the golf club and related facilities.  The parties critical to the Debtors' operations are (collectively, the "Critical Vendors"):

| **Critical Vendor** | **Amount to be Paid** | **Critical Services** |
|---|---|---|
| The Staffing Group | $39,000.00 | The provision of staffing and labor vital to the Debtors' business operations. |

The Debtors deem these vendors to be critical to the maintenance of the Debtors' business.[3] If payment of the claims of the Critical Vendors, the amounts of which are set forth above (collectively, the "Critical Vendor Claims") are not paid, the Critical Vendors will terminate the services they provide to the Debtors and the condition of the golf club will be jeopardized. Indeed, the maintenance of the Debtors' business is dependent upon the Critical Vendors. The Debtors believe that payment of the Critical Vendor Claims is fair and reasonable for the services provided.

**II. Authority for Relief Requested.**

9. Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.

10. A bankruptcy court's use of its equitable powers to "authorize the payment of a prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). This equitable common law principle "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. & SW R. Co.*, 106 U.S. 286 (1882) and is commonly referred to as

---

[3] The Debtors hereby reserve the right to amend or supplement the list of Critical Vendors by subsequent motion.

4

either the 'doctrine of necessity' or the 'necessity of payment rule.'" *Ionosphere Clubs*, 98 B.R. at 175-76; *see also In re Just For Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) ("Certain prepetition claims by employees and trade creditors . . . may need to be paid to facilitate a successful reorganization.") (citing 11 U.S.C. § 105(a)).

11. Federal courts have consistently permitted postpetition payment of prepetition obligations where necessary to preserve the going-concern value of a debtor's business, thereby facilitating reorganization. *See, e.g., Miltenberger v. Logansport, Crawfordsville and Southwestern Ry. Co.*, 106 U.S. 286, 311 (1882); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 (3d Cir. 1972); *Just For Feet*, 242 B.R. 821 at 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of prepetition claims when such payment is necessary for the survival during Chapter 11."); *In re Amerigrow Recycling–Delray Limited Partnership, et al.*, Case No. 09-34122-EPK (Bankr. S.D. Fla. Nov. 20, 2009); *In re Toojay's Management LLC, et al.*, Case No. 20-14792-EPK (Bankr. S.D. Fla. May 22, 2023).

12. The Third Circuit, in *In re Lehigh & New England Railway Co.*, described the doctrine as follows:

> [T]he 'necessity of payment doctrine' . . . [permits] immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their prepetition claims shall have been paid.

657 F.2d 570, 581 (quoting *In re Penn Central Transp. Co., 467* F.2d 100, 102, n.1 (3rd Cir. 1972). While the "necessity of payment" doctrine originally developed in the context of railroad reorganizations under the Bankruptcy Act, it has been applied in nonrailroad bankruptcies. *See In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a prepetition unsecured

5

creditor, debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

13. In *Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945), *cert. denied,* 325 U.S. 873 (1945), Judge Learned Hand, in applying the necessity of payment doctrine, stated:

> Let it [a hotel] once be shut down, and it will lose much of its value. . . . Some priority [the tradesmen supplying the hotel prepetition] may be essential to preservation of the business during that period as it is later.

*Dudley*, 147 F.2d 268, 271.

14. Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. Such authority is derived from section 363(b)(1) of the Bankruptcy Code. "Satisfaction of a pre-petition debt in order to keep 'critical' supplies flowing is a use of property other than in the ordinary course of administering an estate in bankruptcy under section 363(b)(1) of the Bankruptcy Code." *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 17 (Bankr. M.D.Fla. 2005) (quoting *In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004)).[4]

15. There is ample precedent for the post-petition satisfaction of the specific types of prepetition claims described in the Motion. For example, bankruptcy courts have granted debtors relief substantially similar to that sought by the instant Motion. *See In re Quality Interiors, Inc.,* 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("This Court often permits the payment of pre-petition wages so that the debtors-in-possession may maintain an effective work force . . . ."); *In re Eagle*

---

[4] The Seventh Circuit decision in *In re Kmart Corp.*, 359 F.3d. 866 (7th Cir. 2004) is not binding on this Court and is clearly distinguishable from this case. Here, the Debtors seek authority to pay specific creditors specific amounts to avoid the serious threat of deterioration of the golf club and related facilities that would be detrimental to the Debtors' sale efforts.

-*Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payments of prepetition claims where "the payment is necessary to avert a serious threat to the Chapter 11 process"); *Pension Benefit Guaranty Corp. v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 159 B.R. 730, 737 (Bankr. W.D. Pa. 1993) (approving payment of prepetition employee wage claims).

16. Specifically, an order authorizing the payment of pre-petition amount to critical vendors is appropriate if (a) the payments are necessary to the reorganization process; (b) a sound business justification exists in that the critical vendor(s) refuse to continue to do business with the debtor absent being afforded critical vendor status; and (c) the disfavored creditors are at least as well off as they would have been had the critical vendor order not been entered. *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 17 (Bankr. M.D. Fla. 2005).

17. Payment of the amount due to the Critical Vendors is vital to the Debtors' continued maintenance of their business. The Critical Vendors will not provide their critical staffing services without payment of the aforementioned prepetition amounts, and therefore a sound business justification exists for the relief requested.

18. Moreover, there will be no prejudice to unsecured creditors resulting from the Court's authorization of the requested payments to the Critical Vendors requested herein. Such payments are absolutely essential to the Debtors' continued maintenance of their business and will inure to the benefit of all stakeholders. Authorizing the Debtors to pay the Critical Vendors will benefit both favored and disfavored creditors and the entirety of the estates.

19. Under the "necessity of payment" doctrine articulated in the above-cases, the selective payment of a prepetition claim is manifestly warranted. It is critical to the Debtors' reorganization and sale efforts that the Debtors pay the Critical Vendor Claims in the amounts set

forth herein. For the avoidance of doubt, any payment contemplated herein shall be consistent with any order(s) authorizing the use of cash collateral or debtor in possession financing.

## Reservation of Rights

20. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Bankruptcy Court grants the relief sought herein, any payment made pursuant to the Bankruptcy Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Motion Practice

21. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1.

**Notice**

22.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) the Debtors' creditors, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Prior Request**

23.     No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit A** (i) granting the relief requested in this Motion; (ii) authorizing the Debtors to pay the Critical Vendor Claims, and (iii) granting such other relief as the Court deems just and proper.

Dated:   April 4, 2023

                           Respectfully submitted,

**PACK LAW**
*Proposed Counsel to the Debtors and Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Jessey J. Krehl*
     Joseph A. Pack
     Email:  joe@packlaw.com
     Florida Bar No. 117882

     Jessey J. Krehl
     Email:  jessey@packlaw.com
     Florida Bar No. 1025848

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) |
|  | ) Case No. 23-12386 |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER (I) AUTHORIZING PAYMENT OF PREPETITION
CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF**

Upon the motion, (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), pursuant to sections 105 and 363 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay certain prepetition claims of Critical Vendors, and (ii) granting related relief, all as more specifically set forth in the Motion; and upon the *Declaration of Gerard A. McHale, Jr. in Support of the Chapter 11 Petition* (the "First Day Declaration") filed on the Petition Date, and that certain *Declaration of Gerard A. McHale,*

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Jr. in Support of Certain Emergency Relief* (the "Emergency Relief Declaration") filed contemporaneously with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:** [3]

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to pay the claims of the Critical Vendors identified in the Motion, to satisfy the Critical Vendor Claims. The Critical Vendors will continue to provide the Debtors with the same services they provided to the Debtors prior to the Petition Date upon payment of the Critical Vendor Claims.

3. All applicable financial institutions are authorized and directed to receive, process, honor, and pay, at the Debtors' direction, to the extent of funds on deposit or otherwise available

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

therefor, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtors in respect of any obligations contemplated within this Order.

4. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of any payments made hereunder to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

5. The contents of the Motion are deemed to satisfy the requirements set forth in Bankruptcy Rules 6003 and 6004.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

###

**Submitted by:**
Jessey J. Krehl, Esq.
*Proposed Counsel for the Debtors and Debtors-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jessey@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.