

**ORDERED in the Southern District of Florida on April 6, 2023.**

**UNITED STATES BAN...**
**SOUTHERN DISTRIC...**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

Erik P. Kimball, Judge
United States Bankruptcy Court

---

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) | |
| | ) | Case No. 23-12386 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF

Upon the motion [Docket No. 41] (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), pursuant to sections 105 and 363 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay certain prepetition claims of Critical Vendors, and (ii) granting related relief, all as more specifically set forth in the Motion; and upon the *Declaration of Gerard A. McHale, Jr. in Support of the Chapter 11 Petition* (the "<u>First Day Declaration</u>") filed on the Petition Date, and that certain *Declaration of*

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Gerard A. McHale, Jr. in Support of Certain Emergency Relief* (the "Emergency Relief Declaration") filed contemporaneously with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") on April 5, 2023; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:** [3]

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, but not directed, to pay the claims of the Critical Vendors identified in the Motion, to satisfy the Critical Vendor Claims.  The Critical Vendors will continue to provide the Debtors with the same services they provided to the Debtors prior to the Petition Date upon payment of the Critical Vendor Claims.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

3.      All applicable financial institutions are authorized and directed to receive, process, honor, and pay, at the Debtors' direction, to the extent of funds on deposit or otherwise available therefor, any and all checks drawn or electronic fund transfers requested or to be requested by the Debtors in respect of any obligations contemplated within this Order.

4.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic fund transfers, on account of any payments made hereunder to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

5.      The contents of the Motion are deemed to satisfy the requirements set forth in Bankruptcy Rules 6003 and 6004.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

###

**Submitted by:**
Jessey J. Krehl, Esq.
*Proposed Counsel for the Debtors and Debtors-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jessey@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.