**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) )  ) Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) ) Case No. 23-12386 |
| Debtors. | ) ) (Jointly Administered) ) |

**EMERGENCY MOTION**
**TO SHORTEN TIME WITH RESPECT TO MOTION FOR ENTRY OF**
**AN ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME PURCHASE AND**
**SALE AGREEMENT WITH BANYAN CAY ESTATES, LLC, (B) COMPROMISING**
**CONTROVERSIES THEREBETWEEN, AND (C) GRANTING RELATED RELIEF**

**(*Expedited Hearing Requested*)**

**Basis for Expedited Relief**

The above-captioned debtors and debtors in possession (the "Debtors") and Banyan Cay Estates, LLC ("BC Estates" and together with the Debtors, the "Parties") request that the relief requested in the *Emergency Motion for Entry of an Order (A) Authorizing the Debtors to Assume Purchase and Sale Agreement with Banyan Cay Estates, LLC (B) Compromising Controversy Therebetween, and (C) Granting Related Relief* [Docket No. 97] (the "Assumption Motion") be heard on an expedited basis at the hearing scheduled for April 28, 2023 at 1:30 p.m. The Parties respectfully submit that an expedited hearing on the aforementioned relief is warranted because the assumption of the Agreement (as defined in the Assumption Motion) is vital to the Debtors' proposed sale process, and the terms of the Postpetition Amendment (as defined in the Assumption Motion) ought to be considered in conjunction with the Debtors' proposed amended Bid Procedures (as defined in the Assumption Motion). The Debtors submit that no party will be prejudiced by the entry of the Order,

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

particularly in light of its consensual nature. The Debtors respectfully request that the Court waive the provisions of Rule 9075-1(B) of the Local Rules, which require an affirmative statement that the Debtor has made a *bona fide* effort to resolve the issues raised in this expedited motion, as the relief requested herein is urgent in nature and does not lend itself to resolution in advance of a hearing.

The Parties hereby respectfully move this Court (this "Motion"), by and through their undersigned counsel, to shorten time to approve the relief requested in the Assumption Motion, and in support thereof states:

## Background

1. The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. On April 26, 2023, the Debtors filed the Assumption Motion requesting, *inter alia*, that this Court approve the Debtors' assumption of the Agreement.

3. Bankruptcy Rule 6006, which governs the procedures for assumption, rejection, or assignment of an executory contract or unexpired lease, states that "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014." Rule 9014, which nominally governs contested matters, requires that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."

4. Bankruptcy Rule 9006(c) permits a bankruptcy court to shorten the time within which a motion must be heard in its discretion.

### Basis for Relief

5. The Amended Bid Procedures (as defined in the Assumption Motion), filed contemporaneously herewith, provide, in relevant part, that "Each Bid must include a statement, consistent with Section 4.9 of the Stalking Horse Agreement, that at the Closing such Bidder shall escrow $2,700,000 in immediately available funds for the sole purpose of the "Improvements" (as defined therein and as explained in greater detail in [the Postpetition Amendment]".

6. Moreover, as set forth in Exhibit E of the Order of this Court [Docket No. 94] (the "Interim DIP Order") approving the Debtors' use of cash collateral an provision of debtor in possession financing, the Court approved certain revised sale milestones, including the entry of the Bidding Procedures Order (as defined therein) on or before April 28, 2023, subject to the Court scheduling a hearing on the Bidding Procedures Motion on the earliest available date.

7. The relief requested in the Assumption Motion deals squarely with the above-referenced provisions of the Amended Bid Procedures. Because the matters related to the Assumption Motion and the Amended Bid Procedures substantially overlap, the Parties respectfully request that this Court consider the Assumption Motion as soon as practicable. In so doing, the Bankruptcy Court will obviate the need for extraneous hearings, streamline the Debtor's sale process, and ensure the revised sale milestones set forth in the Interim DIP Order are met.

8.      Because BC Estates and the Debtors have agreed to the terms of the assumption of the Agreement, as set forth in the Postpetition Amendment, the Assumption Motion is consensual and the Parties respectfully submit that no party in interest will be harmed by this Court's expedited consideration of the Assumption Motion.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Parties respectfully request the Court enter an order, substantially in the form attached as **Exhibit A** hereto, granting the relief requested herein.

Dated:   April 26, 2023

                      Respectfully submitted,

                      **PACK LAW**
                      *Proposed Counsel to the Debtors and Debtors-in-Possession*
                      51 Northeast 24th Street, Suite 108
                      Miami, Florida 33137
                      Telephone: (305) 916-4500

                      By:   */s/ Jessey J. Krehl*
                      Joseph A. Pack
                      Email:  joe@packlaw.com
                      Florida Bar No. 117882

                      Jessey J. Krehl
                      Email:  jessey@packlaw.com
                      Florida Bar No. 1025848

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

Banyan Cay Resort & Golf, LLC, *et al.*[1]

Debtors.

Chapter 11

Case No. 23-12386

(Jointly Administered)

**ORDER GRANTING EMERGENCY MOTION
TO SHORTEN TIME WITH RESPECT TO MOTION FOR ENTRY OF
AN ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME PURCHASE AND
SALE AGREEMENT WITH BANYAN CAY ESTATES, LLC, (B) COMPROMISING
CONTROVERSIES THEREBETWEEN, AND (C) GRANTING RELATED RELIEF**

**THIS MATTER** came before the Court on April 26, 2023 upon the above-captioned debtors and debtors in possession's (the "Debtors"") *Emergency Motion to Shorten Time with*

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

*Respect to Motion for Entry of an Order (A) Authorizing the Debtors to Assume Purchase and Sale Agreement with Banyan Cay Estates, LLC, (B) Compromising Controversy Therebetween, and (C) Granting Related Relief* [Docket No. 98] (the "Motion").[2] The Court, having reviewed the Motion and the record on the matter does ORDER as follows:

1. The Motion is **GRANTED**.

2. The time period for the hearing to assume the Agreement (as defined in the Assumption Motion) is shortened, and the Court shall conduct the hearing on **April 28, 2023 at 1:30 p.m. (EST)**, or such other dates and times that the Court may later direct.

3. The hearing on the Assumption Motion may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.

###

**Submitted by:**
Jessey Krehl, Esq.
Proposed Attorney for the Debtors and Debtors-in-Possession
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jesseu@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2