**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) |
| | ) Case No. 23-12386 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL
AND PLAN CONFIRMATION HEARING, (II) ESTABLISHING PLAN
AND DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES
AND RELATED PROCEDURES AND DEADLINES, (III) APPROVING THE
COMBINED HEARING NOTICE, AND (IV) GRANTING RELATED RELIEF**

*(Emergency Hearing Requested)*

**Basis for Expedited Relief**

Shortly after the filing of this motion (this "Motion") the Debtors shall file their Plan and Disclosure Statement (as defined herein). In order to efficiently and expeditiously consummate the transactions contemplated in the Plan and to maximize the recovery of the Debtors' constituencies and efficiently administer their estates, the Debtors respectfully request that the Court conduct a hearing on this Motion as soon as practicable, on or before Monday, June 12, 2023, as the Debtors believe that a hearing on this Motion is vital in order to ensure the Debtors can begin solicitation of the Plan with enough time for the Confirmation Hearing (as defined herein) to occur prior to the closing of the Sale Transactions (as defined in the Plan). The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in the Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

The above-captioned debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this Motion:[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

      a.      scheduling a combined hearing (the "Combined Hearing") on the adequacy of the Disclosure Statement[3] and confirmation of the Plan;[4]

      b.      approving the form of ballots to vote to accept or reject the Plan (the "Ballots");

      c.      establishing a deadline for the submission Ballots and procedures for the tabulation of Ballots;

      d.      establishing a deadline for objections to the adequacy of the Disclosure Statement (if applicable) and confirmation of the Plan (the "Objection Deadline") and approving related procedures;

      e.      establishing a deadline to file a combined pleading in support of confirmation of the Plan and replying to any objections (the "Reply Deadline");

      f.      approving the solicitation procedures regarding votes to accept or reject the Plan (the "Solicitation Procedures");

      g.      approving the form and manner of notice of the Combined Hearing (the "Combined Hearing Notice");

      h.      granting related relief.

---

[2]  A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Gerard McHale, Jr. in Support of the Chapter 11 Petition and First Day Pleadings* [Docket No. 2] (the "First Day Declaration"), filed on March 29, 2023, and is incorporated by reference herein.  Capitalized terms used but not defined herein shall have the definitions ascribed to them under the Plan (as defined herein).

[3]  As used herein, "Disclosure Statement" means the *Disclosure Statement in Connection with the Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time), filed shortly after this Motion.

[4]  As used herein, "Plan" means the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time), filed shortly after this Motion.

2.      In connection with the foregoing, the Debtors respectfully request that the Bankruptcy Court approve the following schedule of proposed dates (the "Proposed Confirmation Schedule"), subject to the Bankruptcy Court's availability:

| Event | Date |
|---|---|
| Petition Date | March 29, 2023 |
| Voting Record Date | June 7, 2023 |
| Start of Solicitation | June 12, 2023 |
| Distribution of Disclosure Statement Supplement | June 14, 2023 |
| Voting Deadline | July 7, 2023 |
| Objection Deadline | July 10, 2023 |
| File Brief in Support of Confirmation and Reply Deadline | July 11, 2023 |
| Combined Disclosure Statement and Confirmation Hearing | July 12, 2023 |

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 2002, 3016, 3017, 3018, 3020 and 9006, and Rules 3016-2 and 3020-1 of the Local Bankruptcy Rules for the Southern District of Florida (the "Local Rules").

**Background**

6.      On March 29, 2023(the "Petition Date"), each of the Debtors other than Banyan Cay Mezzanine Borrower, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") before the Bankruptcy Court.  Banyan Cay Mezzanine Borrower, LLC filed its voluntary petition for relief on February 16, 2023.

7.      The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

8.      No committee has been appointed in the Debtors' Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

**The Plan**

9.      The Plan proposed by the Debtors is a liquidation Plan designed to maximize recoveries for all parties in interest, giving due deference to the priorities, waterfalls, and provisions of the Bankruptcy Code *in toto*.  The Plan contemplates, among other things, the following:

- Holders of Allowed Other Secured Claims (Class 1) shall receive:

    o   payment in full in Cash in an amount equal to its Allowed Other Secured Claim with a distribution from the Other Secured Claims Reserve;

    o   the Wind Down Debtor's interest in the collateral securing such Holder's Allowed Other Secured Claims; or

    o   such other treatment agreed to by the Holder of such Allowed Other Secured Claim and the Debtor or the Wind Down Debtor.

- Holders of Allowed Priority Non-Tax Claims (Class 2) shall receive:

    o   payment by the Plan Administrator from the Priority Non-Tax Claims Reserve, as set forth in Article VIII of this Plan, the amount of such Holder's Allowed Class 2 Claim on the later of (A) the Effective Date (or as soon as reasonably practicable thereafter), and (B) fifteen Business Days following the date such Claim is Allowed by non-appealable order.  The Cash payment shall be in exchange for and in full satisfaction and discharge of the Holder's Allowed Priority Claim; or

    o   such other treatment on account of such Allowed Priority Non-Tax Claim as determined by the Debtors or the Wind Down Debtor, as applicable, as agreed to in writing by such Holder of such Allowed Priority Non-Tax Claim.

- Holders of Allowed Prepetition Secured Loan Claims (Class 3) shall receive:

    o   payment in full in Cash in an amount equal to its Allowed Prepetition Secured Loan Claim;

    o   the Wind Down Debtor's interest in the collateral securing such Holder's Allowed Prepetition Secured Loan Claim; or

    o   such other treatment agreed to by the Holder of such Allowed Prepetition Secured Loan Claim and the Debtor or the Wind Down Debtor.

- Holders of Allowed General Unsecured Claims (Class 4) shall receive payment on account of such General Unsecured Claim from the GUC Reserve.

- Holders of Allowed EB-5 Claims (Class 5) shall receive all available Cash from the General Account in an amount equal to its Allowed EB-5 Claim after the payment of all Administrative Expense Claims, Priority Tax Claims, Other Secured Claims, Priority Non-Tax Claims, Prepetition Secured Loan Claims, and General Unsecured Claims in full.

- Intercompany Claims, Intercompany Interests, Section 510(b) Claims, and Interests in Banyan Cay Maintenance, LLC (Classes 6, 7, 8, and 9, respectively) shall be canceled.

- Holders of Class B Interests in the Parent (Class 10) shall receive its Pro Rata share of available Cash from the General Account for Holders of Class B Interests in Parent after the payment of EB-5 Claims in full, and Holders of Class A Interests in the Parent (Class 11) shall receive its Pro Rata share of available Cash from the General Account for Holders of Class A Interests in Parent after the payment of Class B Interests in full.

- Distributions pursuant to the Plan shall be made with Cash on hand and made available to the Debtors through the Sale Transactions.

10.     The Debtors shall commence solicitation of Holders of Claims entitled to vote on the Plan on June 12, 2023 in accordance with the Solicitation Procedures described herein, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

11.     Specifically, the Debtors shall cause its counsel, Pack Law, as solicitation agent (the "Solicitation Agent"), to distribute solicitation packages (the "Solicitation Packages") to Holders of Class 4, 5, 10, and 11 (each a "Voting Class," and collectively, the "Voting Classes"). To the extent a Holder holds a claim in multiple Voting Classes, such Holder shall only receive one Solicitation Package, which included the relevant Ballot (as defined herein) for each applicable Voting Class. The Solicitation Package include:

     a.     the Disclosure Statement and all exhibits thereto, including the Plan and the Liquidation Analysis (as such terms are defined in the Disclosure Statement));

     b.     the relevant ballot, in the form of Exhibit 2 attached to the Order, as applicable (collectively, the "Ballots"); and

     c.     after the completion of the Auction on June 13, 2023, a supplement to the disclosure statement (the "Disclosure Statement Supplement"), containing additional disclosures to the Voting Classes regarding the ultimate resolution of the Debtors' sale process, as set forth below.

12.     The Ballots substantially conform to the form of ballot provided in Official Bankruptcy Form No. B 314, effective as of February 19, 2020.  Holders that receive the Solicitation Package shall be directed in the Disclosure Statement and Ballot to follow the instructions contained therein (and described in the Disclosure Statement) to complete and submit their Ballots to cast a vote to accept or reject the Plan.  Each Holder shall be explicitly informed in the Disclosure Statement and Ballot that such Holder needs to submit its Ballot so that it is actually received by the Bankruptcy Court, in accordance with Local Rule 3018-1, on or before the Voting Deadline to be counted.

13.     After the conclusion of the Auction, the Debtors shall cause the Solicitation Agent to distribute the Disclosure Statement Supplement to each Holder of a Claim or Interest in each Voting Class.  The Disclosure Statement Supplement shall include the *Notice of Successful Bidder and Backup Bidder with Respect to the Sake of Property of the Debtors' Estates*, substantially in the approved form of Exhibit B-3 to Docket No. 109 (the "Bid Procedures Order").  The Disclosure Statement will also include an update Liquidation Analysis comparing the distribution of the Sale Proceeds under the Plan to a hypothetical Chapter 7 liquidation, and will provide with greater degrees of certainty the range of recoveries that will be available to Holders of Claims and Interests in each of the Voting Classes.  If, based on the ultimate Sale Proceeds, any Voting Class will not receive a distribution under the Plan and will accordingly be deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, the Disclosure Statement Supplement will advise each Holder of a Claim or Interest in the Voting Classes which Classes shall no longer be deemed Voting Classes pursuant to the same.

14.     The Debtors' procedures and standard assumptions for tabulating Ballots include:[5]

| | |
|---|---|
| **Votes Not Counted** | The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a person or entity that does not hold a Claim or Interest that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot received after the Voting Deadline, unless otherwise determined by the Debtors; and (f) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan. |

---

[5] The Solicitation Agent will file a declaration regarding the solicitation of votes and tabulation of ballots cast with respect to the Plan as soon as reasonably practicable.

| No Vote Splitting | Each Holder of a Claim or Interest must vote all of its Claims or Interests within a particular class either to accept or reject the Plan and may not split such votes. |
|---|---|

### Basis for Relief

**I.    Scheduling the Combined Hearing and the Objection Deadline.**

15.    Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto."  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  Also, the Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine a hearing on approval of a disclosure statement with the confirmation hearing); Local Rule 3016-2(B).

16.    Similarly, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, the trustee, all creditors and indenture trustees [of] not less than 28 days . . . by mail of the time fixed for filing objections and the hearing to consider approval of a disclosure statement . . ."

17.    The Debtors request that the Bankruptcy Court schedule a hearing to consider approval of the Disclosure Statement and confirmation of the Plan on July 12, 2023, consistent with the Bankruptcy Court's availability, and schedule the Objection Deadline for **5:00 p.m., prevailing Eastern Time, on July 11, 2023**, in compliance with the requirements of Bankruptcy Rules 2002(b) and 3017(a).  This Objection Deadline is closer to the proposed Confirmation Hearing than the fourteen (14) days provided by Local Rule 3020-1, but as the proposed Objection Deadline provides parties in interest with more time to object (as opposed to less), the Debtors respectfully submit that no party in interest shall be prejudiced by the Objection Deadline.

18.     The Debtors also request that the Bankruptcy Court require that objections to the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Bankruptcy Court with proof of service thereof and served upon (i) the Office of the United States Trustee for the Southern District of Florida; (ii) the Debtors' creditors and certain other parties in interest, and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"),  so as to be *actually received* by the Objection Deadline.

19.     Further, the Debtors request that they (and any other parties in support of the Plan) be permitted to file a combined brief in support of confirmation of the Plan and reply to any objections on or before July 12, 2023, at 5:00 p.m., prevailing Eastern Time.

20.     Given the circumstances of these Chapter 11 Cases, the relief requested herein is appropriate and consistent with Bankruptcy Rule 9006(c)(1).  The relief requested will assist the Debtors in moving toward an expeditious confirmation of the Plan with the least possible disruption or harm to their sale processes.

## II.     Approval of Solicitation Procedures.

21.     The Debtors shall distribute the Solicitation Packages and solicit votes to accept or reject the Plan prior to the Petition Date in accordance with sections 1125 and 1126 of the Bankruptcy Code.

22.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan of reorganization.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures

for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate."  As set forth herein, the Solicitation Procedures comply with the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, and the Debtor seeks approval of the Solicitation Procedures, the Ballots, and the procedures used for tabulations of votes to accept or reject the Plan.

### A.    Voting Record Date and Disputed Claims.

23.    The Disclosure Statement and the Ballots clearly identify the Voting Record Date, the date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, as June 7, 2023, the general claims bar date.

24.    The Debtors respectfully request, consistent with sections 1126, 502, and 105 of the Bankruptcy Code that any Holder of a Claim (a) that is listed in the Debtors' schedules as disputed, contingent, or unliquidated or scheduled in a zero or unknown amount, and (b) that is not the subject of a timely filed proof of claim, shall not be treated as a creditor with respect to such claim for purposes of voting on the Plan or receiving additional notices in connection with the solicitation therewith, unless this Court has entered an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Holder's claim for the limited purposes of voting on the Plan.

### B.    Plan Distribution and Voting Deadline.

25.    As a preliminary matter, there is no applicable federal securities law governing the time period for solicitation of votes on the Plan.  All Holders of Claims in the Voting Classes shall be transmitted the Solicitation Package, including the Plan, on June 12, 2023. As clearly set forth in the Disclosure Statement and the Ballots, the Debtors request that the Voting

Deadline be set for July 10, 2023 at 5:00 p.m., prevailing Eastern Time, which is 28 calendar days after the date of the start of solicitation and distribution of the Plan.

26.     The Debtors respectfully submit that the 28 days proposed by the Debtors for the solicitation of acceptances and rejections of the Plan is eminently reasonable under the circumstances and complies with the minimum requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, the Debtors respectfully submit that Holders of Claims in the Voting Classes have adequate time to consider the Plan and Disclosure Statement and to submit a Ballot before the Voting Deadline.

## C.     The Ballots, Solicitation Package, Additional Materials, and Transmittal.

27.     Bankruptcy Rule 3017(d) requires the Debtors to transmit a form of ballot, which substantially conforms to Official Form No. B 314, only to "creditors and equity security holders entitled to vote on the plan."  Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity holder or an authorized agent, and conform to the appropriate Official Form."

28.     The Debtors shall cause the Solicitation Packages containing the Disclosure Statement, the Plan, and the applicable Ballot to be transmitted to Holders of Claims in the Voting Classes on June 12, 2023.  Only the Holders of Claims and Interests in the Voting Classes shall be transmitted a Ballot.  The forms for the Ballots are based on, and substantially conform to, the form, but they have been modified to address the particular circumstances of these Chapter 11 Cases and to include certain information that the Debtors believe to be relevant and appropriate for Holders of Claims in the Voting Classes to consider.  *See* Fed. R. Bankr. P. 3017(d).

29.     The Solicitation Package shall be transmitted to the record Holders of Claims and Interests in the Voting Classes.  Record Holders of Claims and Interests in the Voting

Classes are instructed to vote on the Plan by completing and signing the enclosed Ballot and delivering it (either by filing electronically with the Bankruptcy Court by registered users or conventionally by mail and entered on the electronic docket by the clerk) such that it is actually received before the Voting Deadline.

30.    The forms of Ballots to be used in solicitation are attached as <u>Exhibit 2</u> to the Order.

**D.    The Ballots, Solicitation Package, Additional Materials, and Transmittal.**

31.    As described above, the Debtors are using standard tabulation procedures in tabulating votes.  These procedures are consistent with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018.

**III.    Approval of the Disclosure Statement at the Combined Hearing.**

32.    By this Motion, the Debtor requests that, at the Combined Hearing, the Bankruptcy Court find that the Disclosure Statement contains "adequate information" as defined in section 1125(a) of the Bankruptcy Code.  *See* 11 U.S.C. §§ 1125(a)(1), 1126(b)(2).

33.    The Disclosure Statement contains adequate information, because it is extensive and comprehensive and includes sufficient detail such that a holder of a Claim or Interest entitled to vote to vote to accept or reject the Plan (which, for the avoidance of doubt) would be able to make an informed decision.  What constitutes "adequate information" is based on the facts and circumstances of each case.  *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . .").

34.    The primary goal of the "adequate information" requirement is to ensure sufficient information is provided to enable parties entitled to vote to vote in an informed way, and the

Debtors contend that such standard is met by the Disclosure Statement. Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including, without limitation:

| Information | Description | Location in Disclosure Statement |
|---|---|---|
| Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure. | Article II |
| Risk Factors | Certain risks associated with the Debtors' business, as well as certain risks associated with forward-looking statements, and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | Article IV |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. | Article V |
| Releases Provided in the Plan | An overview of the releases, both by the Debtors and Third-Parties, provided for in the Plan. | Section III.H |
| Certain United States Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | Section IV.B |

35.    Accordingly, the Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code and should be approved.

**IV.    Approval of the Form and Manner of the Combined Hearing Notice.**

36.    The Debtor requests approval of the Combined Hearing Notice, substantially in the form attached to the Order as Exhibit 1.

37.    In accordance with Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice will: (a) provide further notice of the commencement of these Chapter 11 Cases; (b) provide a brief summary of the Plan; (c) disclose the date and time of the Confirmation Hearing;

(d) disclose the date and time of the Objection Deadline and the procedures for objecting to the Disclosure Statement and the Plan; and (e) provide the record date for receiving distributions under the Plan.

38.     The Combined Hearing Notice will be served upon the Debtors' creditor matrix and all interest holders of record, which service will occur as soon as possible after the Bankruptcy Court's approval of the Combined Hearing Notice.  The Combined Hearing Notice likewise will be served upon the Voting Classes.

## **Motion Practice**

39.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion, and this Motion satisfies the requirements of Local Rule 9013-1.

## **Prior Request**

40.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated:   June 8, 2023

Respectfully submitted,

**PACK LAW**
*Counsel to the Debtors and*
*Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Jessey J. Krehl*
Joseph A. Pack
Email:  joe@packlaw.com
Florida Bar No. 117882

Jessey J. Krehl
Email:  jessey@packlaw.com
Florida Bar No. 1025848

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was served on June 8, 2023, by electronic transmission through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

By:   */s/ Jessey J. Krehl*
Jessey J. Krehl

15

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

_____
                                         )
In re:                              )
                                         )     Chapter 11
Banyan Cay Resort & Golf, LLC, *et al.*[1]    )
                                         )     Case No. 23-12386
                                         )
                     Debtors.       )     (Jointly Administered)
_____ )

**ORDER**
**(I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL**
**AND PLAN CONFIRMATION HEARING, (II) ESTABLISHING PLAN**
**AND DISCLOSURE STATEMENT OBJECTION AND REPLY DEADLINES**
**AND RELATED PROCEDURES AND DEADLINES, (III) APPROVING THE**
**COMBINED HEARING NOTICE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion, (the "Motion")[2] of the above-captioned debtors and debtors in possession

(the "Debtor") for entry of an order (the "Order") (i) scheduling a combined Disclosure Statement

---

[1]  The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC.  The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2]  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

approval and Plan confirmation hearing, (ii) establishing Plan and Disclosure Statement objection and reply deadlines and related deadlines and procedures, (iii) approving the Combined Hearing Notice, and (iv) granting related relief, as more specifically set out in the Motion; and upon the *Declaration of Gerard McHale, Jr. in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] (the "First Day Declaration") filed contemporaneously with the commencement of the Chapter 11 Cases on March 29, 2023 (the "Petition Date"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors their estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Combined Hearing, at which time this Bankruptcy Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on [___] at [___] a.m., prevailing Eastern Time.

3.      Any objections to adequacy of the Disclosure Statement and confirmation of the Plan must have been received as set forth in paragraph 5(e) of this Order by **[__] at 5:00 p.m., prevailing Eastern Time**.

4.      Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before [__] at 5:00 p.m., prevailing Eastern Time.

5.      Any objections to the Disclosure Statement or confirmation of the Plan must:

   a.      be in writing;

   b.      comply with the Bankruptcy Rules and the Local Rules;

   c.      state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity;

   d.      state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

   e.      be filed with the Bankruptcy Court with proof of service thereof and served upon the Notice Parties (as defined in the ) so as to be **<u>actually received</u>** by the Objection Deadline.

6.      Any objections not satisfying the requirements of this Order shall not be considered and shall be overruled.

7.      The Combined Hearing Notice, substantially in the form attached hereto as **<u>Exhibit 1</u>**, and service thereof comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved and deemed to be sufficient and appropriate under the circumstances, and no other or further notice shall be necessary.

8.      The proposed Ballots, substantially in the form attached hereto as **<u>Exhibit 2</u>**, comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved and deemed to be sufficient and appropriate under the circumstances.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or perfection of any claim or lien against the Debtor or its property, (b) a waiver of the Debtor's or any appropriate party in interest's rights to avoid or dispute any claim or lien against the Debtor or its property, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

10.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

###

**Submitted by:**
Jessey Krehl, Esq.
*Counsel  for the Debtors and Debtors-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jessey@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.

<u>**Exhibit 1 to the Proposed Order**</u>

**Combined Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

```
_____
                                                )
In re:                                          )
                                                )   Chapter 11
                                                )
Banyan Cay Resort & Golf, LLC, et al.[1]        )
                                                )   Case No. 23-12386
                                                )
                              Debtors.           )   (Jointly Administered)
_____         )
```

**NOTICE OF (I) COMBINED HEARING ON THE**
**DISCLOSURE STATEMENT, CONFIRMATION OF THE CHAPTER 11 PLAN, AND**
**RELATED MATTERS, AND (II) RELATED OBJECTION AND BRIEFING DEADLINES**

**NOTICE IS HEREBY GIVEN** as follows:

On March 29, 2023, (the "Petition Date"), the above-captioned debtors (the "Debtors"), other than Banyan Cay Mezzanine Borrower, LLC, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). Banyan Cay Mezzanine Borrower, LLC filed its petition of February 16, 2023. On [__], the Debtors filed a proposed chapter 11 plan of liquidation [Docket No. [__]] (the "Plan") and proposed disclosure statement [Docket No. [__]] (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' undersigned counsel or at the Bankruptcy Court's website, https://www.flsb.uscourts.gov, via the CM/ECF system.[2]

**INFORMATION REGARDING THE PLAN AND DISCLOSURE STATEMENT**

**Distribution Record Date**. The date for determining which Holders of Claims are eligible to receive distributions under the Plan shall be the claim bar dates, as set forth in the *Notice of Meeting of Creditors* [Docket No. 20] and *Order Granting Debtor's Motion to Extend Certain Deadlines in Jointly Administered Case to Conform to Deadlines in Lead Case* [Docket No. 55,

---

[1]  The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.

Case No. 23-11281], which claim bar dates are June 7, 2023 for non-governmental unit claimants and September 25, 2023 for governmental unit claimants.

**Objections to the Plan and Disclosure Statement**. The deadline for filing objections (each, an "Objection") to the Plan and Disclosure Statement, or any proposed assumption or rejection of Executory Contracts and Unexpired Leases therein, is **[__], prevailing Eastern Time** (the "Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon (a) the Office of the United States Trustee for the Southern District of Florida; (b) the Debtors' creditors and certain other parties in interest, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), so as to be actually received by the Objection Deadline.

Objections must be filed with the Bankruptcy Court and served so as to be *actually received* no later than the Objection Deadline, by those parties who have filed a notice of appearance in the Debtors' Chapter 11 Cases as well as the following parties:

| | |
|---|---|
| the Debtors: | Banyan Cay Resort & Golf, LLC, *et al.*<br>Attn: McHale, P.A.<br>1601 Jackson Street<br># 200<br>Fort Myers, FL 33901<br><br>with copies to:<br><br>PACK LAW<br>RE: Banyan Cay Resort & Golf, LLC, *et al.*<br>51 NE 24th Street<br>Suite 108<br>Miami, FL 33137 |
| the United States Trustee | Office of the United States Trustee<br>for the Southern District of Florida<br>51 SW First Avenue<br>Room 1204<br>Miami, FL 33130<br>Attn.: Heidi Feinman, Esq. |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class.

| Class | Claims or Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 3 | Prepetition Secured Loan Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | EB-5 Claims | Impaired | Entitled to Vote |
| 6 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Intercompany Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 9 | Interests in Maintenance | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 10 | Class B Interests in Parent | Impaired | Entitled to Vote |
| 11 | Class A Interests in Parent | Impaired | Entitled to Vote |

## Injunction, Exculpation, and Releases

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as follows:

### Relevant Definitions

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' current and former employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees; provided, however, that each of Jacob Companies, Inc., Donald R. Perry, Lexxcom LLC, David Finkelstein, American Immigration Group, LLC, and each of their respective Affiliates shall not be a Released Party.

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Wind Down Debtor; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, , and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons'

3

respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each Holder of a Claim against or Interest in the Debtors.

Release by the Debtor

**Notwithstanding anything contained in this Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Wind Down Debtor, its Estate, and its Releasing Parties from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Wind Down Debtor, or its Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, the Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Case, the Disclosure Statement, the Plan, the Restructuring Transaction, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Sale Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement, the Plan, and further notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not prejudice, infringe, limit, or otherwise effect any party's rights, if any, under the Indemnification Provisions.**

Releases by Holders of Claims and Interests

**Notwithstanding anything contained in this Plan to the contrary, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Case, the Disclosure Statement, the Plan, or the Sale Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party**

4

to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Sale Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan, and further notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not prejudice, infringe, limit, or otherwise effect any party's rights, if any, under the Indemnification Provisions.

<u>Exculpation</u>

The Exculpated Parties shall neither have, nor incur any liability to any Entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Consummation of the Plan, the Disclosure Statement, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided, however, that the foregoing "Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Plan; provided, further that, the Buyer shall not be exculpated from the Buyer's obligations under the APA, the Sale Order, the Plan or any related documents or orders of the Bankruptcy Court.

<u>Injunction</u>

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind Down Debtor, or the Released Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on

account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

<u>Release of Liens</u>

**Except (a) with respect to the Liens securing Other Secured Claims (depending on the treatment of such Claims) and Prepetition Secured Loan Claims, or (b) as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and the Holders of such mortgages, deeds of trust, Liens, pledges, or other security interests shall execute such documents as may be reasonably requested by the Debtors or the Wind Down Debtor, as applicable, to reflect or effectuate such releases, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Wind Down Debtor and its successors and assigns.**

## Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "<u>Confirmation Hearing</u>") will be held before the Honorable Erik P. Kimball, United States Bankruptcy Judge for the Southern District of Florida, on [___], 2023, at [___]:[___] [__].m., prevailing Eastern Time, to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, any objections to any proposed assumption or rejection of Executory Contracts and Unexpired Leases through the Plan, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on parties entitled to notice.

## Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, except as otherwise provided in the Plan or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, all Executory Contracts and Unexpired Leases shall be deemed rejected without the need for any further notice to or action, order, or approval of the Bankruptcy Court as of the Effective Date under section 365 of the Bankruptcy Code.

*[Remainder of page intentionally left blank]*

Dated:   June [___], 2023

Respectfully submitted,

**PACK LAW**
*Counsel to the Debtors and*
*Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:  */s/ [DRAFT]*
　　　Joseph A. Pack
　　　Email:  joe@packlaw.com
　　　Florida Bar No. 117882

　　　Jessey J. Krehl
　　　Email:  jessey@packlaw.com
　　　Florida Bar No. 1025848

<u>**Exhibit 2 to the Proposed Order**</u>

**Form of Ballots**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| _____ | ) |
| In re: | ) |
| | ) Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) |
| | ) Case No. 23-12386 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| _____ | ) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTORS' JOINT PLAN**
**OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [4, 5, 10, OR 11] ALLOWED [NAME OF CLAIM OR INTEREST]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
**MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS**
**TO BE <u>ACTUALLY RECEIVED</u> BY JULY [___], 2023 AT 5:00 P.M.**
**PREVAILING EASTERN TIME (THE "VOTING DEADLINE")**
**IN ACCORDANCE WITH THE FOLLOWING:**

---

If you are the Holder of an Allowed [Name of Claim or Interest] (Class [4, 5, 10, or 11]), please use this ballot (this "<u>Class [4, 5, 10, or 11] Ballot</u>" or "<u>Ballot</u>") to cast your vote to accept or reject the *Debtors' Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "<u>Plan</u>"),[2] which is being proposed by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"). The Plan is included in the solicitation package distributed herewith.

You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your [claim or interest] has been placed in Class [4, 5, 10, or 11] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

---

[1]  The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

If your ballot is not received by the Bankruptcy Court (either electronically by registered users or conventionally at 1515 North Flagler Drive, Room 801, West Palm Beach, FL 33401), consistent with Local Rule 3018-1, on or before July [__], 2023, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT,
IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**THE VOTING DEADLINE IS JULY [__], 2023.**

<u>**Item 1**</u>.  **The [Class 4, 5, 10, or 11 Claim or Interest].**

| [Claimant or Interest Holder]: _____ | [Claim Amount or Interest Percentage]: [$ or %] _____ |
| --- | --- |

<u>**Item 2**</u>.  **Vote on Plan.**

The Holder of the Claim set forth in Item 1 votes to (please check only one; check neither to abstain):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| --- | --- |

<u>**Item 3**</u>.  **Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the Plan below; please review the Plan and the Disclosure Statement in full.  Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

<u>**Key Definitions**</u>

**Released Parties** means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' current and former employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees; provided, however, that each of Jacob Companies, Inc., Donald R. Perry, Lexxcom LLC, David Finkelstein, American Immigration Group, LLC, and each of their respective Affiliates shall not be a Released Party.

**Releasing Parties** means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Wind Down Debtor; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, , and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each Holder of a Claim against or Interest in the Debtors.

## Debtor Release

Notwithstanding anything contained in this Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by the Debtors, the Wind Down Debtor, its Estate, and its Releasing Parties from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Wind Down Debtor, or its Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, the Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Case, the Disclosure Statement, the Plan, the Restructuring Transaction,  release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Sale Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement, the Plan, and further notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not prejudice, infringe, limit, or otherwise effect any party's rights, if any, under the Indemnification Provisions.

## Releases by Holders of Claims and Interests

Notwithstanding anything contained in this Plan to the contrary, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Case, the Disclosure Statement, the Plan, or the Sale Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Sale Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan, and further notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not prejudice, infringe, limit, or otherwise effect any party's rights, if any, under the Indemnification Provisions.

3

**Item 4**. **Certifications.**

By signing this Class [4, 5, 10, or 11] Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponents that:

(a)     the Entity or Individual is the Holder of the [Claim or Interest] being voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the [Claim or Interest] being voted;

(b)     the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     no other Class [4, 5, 10 or 11] Ballots with respect to the amount of the [Claim or Interest] identified in Item 1 have been cast or, if any other Class [4, 5, 10, or 11] Ballots have been cast with respect to such Claim, then any such earlier Class [4, 5, 10, or 11] Ballots are hereby revoked.

---

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone Number: _____

Email: _____

Date Completed: _____

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER  ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
1515 NORTH FLAGLER DRIVE, ROOM 801
WEST PALM BEACH, FL 33401

---

IF THE BANKRUPTCY COURT DOES NOT **ACTUALLY RECEIVE** THIS CLASS [4, 5, 10, OR 11] BALLOT **ON OR BEFORE JULY [__], 2023** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTE TRANSMITTED BY THIS CLASS [4, 5, 10, OR 11] BALLOT MAY NOT BE COUNTED TOWARD CONFIRMATION OF THE PLAN.