## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

_____
)
In re:                                                          )     Chapter 11
                                                                )
Banyan Cay Resort & Golf, LLC, *et al.*[1]     )     Case No. 23-12386
                                                                )
                                                                )
                          Debtors.                       )     (Jointly Administered)
_____  )

## NOTICE OF REMOVAL OF CIVIL ACTION AND
## NOTICE OF FILING OF MOTION TO INTERVENE THEREIN

**PLEASE TAKE NOTICE THAT**, on April 26, 2023, Banyan Cay Resort Fund, LLC (the "Mezz Lender"), a creditor of Debtor Banyan Cay Mezzanine Borrower, LLC initiated a civil action, Case No. 23-cv-80707 (the "Civil Action"), before the United States District Court for the Southern District of Florida (the "District Court") against Domenic Gatto, Jr., a creditor of each of the Debtors and an indirect equity owner of each of the Debtors, seeking, *inter alia*, to enforce a guaranty of Mr. Gatto on account of certain claims asserted by the Mezz Lender against the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT**, on June 13, 2023, Mr. Gatto filed that certain *Answer and Affirmative Defenses to Amended Complaint and Counterclaims and Crossclaims and Third-Party Claims of the Defendant* [Docket No. 20, the Civil Action] (the "Answer and Counterclaims"), asserting certain counterclaims, crossclaims, and third-party claims which the Debtors believe are, at minimum, co-owned by the Debtors and Mr. Gatto.

**PLEASE TAKE FURTHER NOTICE THAT**, on July 7, 2023, the date hereof, the Debtors field that certain *Bankruptcy Debtors' Application and Motion to Intervene and Incorporated Memorandum of Law* in the Civil Action, a copy of which is attached hereto as **Exhibit A** (without the exhibit attached thereto, as such exhibit is Docket No. 2 in the above-captioned case), seeking to intervene in the Civil Action, and that certain *Notice of Removal Pursuant to Local Rule 87.2 and bankruptcy Rule 9027 or, in the Alternative, Motion that the Above-Captioned Case be Transferred to the United States Bankruptcy Court for the Southern District of Florida* (the "Notice of Removal"), a copy of which is attached hereto as **Exhibit B**, removing the Civil Action to the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** a complete copy of the record of the Civil Action is attached hereto as **Exhibit C**.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

Dated:   July 7, 2023

**PACK LAW**
*Counsel to the Debtors and Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Jessey J. Krehl*
     Joseph A. Pack
     Email:  joe@packlaw.com
     Florida Bar No. 117882

     Jessey J. Krehl
     Email:  jessey@packlaw.com
     Florida Bar No. 102584

**<u>Exhibit A</u>**
**Motion to Intervene**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

_____

BANYAN CAY RESORT FUND, LLC,

      Plaintiff and Counter-Defendant,

v.

DOMENIC J. GATTO, JR.,

      Defendant and Counter-Plaintiff.

_____

DOMENIC J. GATTO, JR.,

      Third-Party Plaintiff,

v.

DAVID FINKELSTEIN and AMERICAN
IMMIGRATION GROUP, LLC,

      Third-Party Defendants.

_____

BANYAN CAY RESORT & GOLF, LLC,
BANYAN CAY DEV. LLC, BANYAN CAY
VILLAS, LLC, BANYAN CAY
MAINTENANCE, LLC, BANYAN CAY
INVESTMENT, LLC, BANYAN CAY
MEZZANINE BORROWER, LLC,

      Applicants for Intervention.

_____

## BANKRUPTCY DEBTORS' APPLICATION AND
## MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW

The above-captioned applicants for intervention, Banyan Cay Resort & Golf, LLC, Banyan

Cay Dev. LLC, Banyan Cay Villas, LLC, Banyan Cay Maintenance, LLC, Banyan Cay Investment,

LLC, and Banyan Cay Mezzanine Borrower, LLC (collectively, the "Debtors"), each a debtor and

debtor in possession in that certain jointly administered bankruptcy case, Case No. 23-12386 (the "Bankruptcy Case"), pending before the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), respectfully apply before and move this Court to intervene in the above-captioned case(this "Motion") and state as follows in support this Motion:

### Preliminary Statement

The above-captioned Plaintiff described the nature of the action before this Court thusly: "[Plaintiff Mezzanine Lender] brings this action . . . against Defendant under certain personal guarantee agreements that he signed as security for financing provided by the Mezzanine Lender in connection with the construction and development of a resort hotel, high-rise multi-family condominium building and residential lots and villas commonly known as Banyan Cay Resort and Golf located in West Palm Beach, Florida (the "**Banyan Cay Resort**")." *Amended Complaint* [Docket No. 7]. Debtor Banyan Cay Resort & Golf, LLC owns the aforementioned resort hotel. Debtor Banyan Cay Dev. LLC owns the aforementioned condominium development pad and residential lots. Debtor Banyan Cay Villas, LLC owns the aforementioned villas development site. Debtor Banyan Cay Maintenance, LLC owns the maintenance facilities that service each of the aforementioned debtors. Debtor Banyan Cay Mezzanine Borrower, LLC is the borrower under the Mezzanine Loan Agreement (as defined in the Amended Complaint) and Debtor Banyan Cay Investment, LLC is the 100% owner of Banyan Cay Mezzanine Borrower, LLC. Furthermore, the above-captioned Defendant, as a former officer, director, and/or manager of the Debtors, filed claims for reimbursement against the Debtors' estates, the quantum of which are impacted by the outcome of the above-captioned proceeding. In short, the Debtors, who by this Motion seek to intervene in the instant matter, are (i) the titular "Banyan Cay Resort" which Plaintiff acknowledges at the outset of the Amended Complaint forms the basis of this action, and

(ii) the parties who the ultimate outcome of this action shall directly impact, both in the Bankruptcy Cases and in the resolution of the claims therein.

Before filing this Motion, counsel to the Debtors reached out to the prior-communicated counsel for Plaintiff and prior-communicated counsel for the above-captioned Defendant, Mr. Gatto. Counsel for the Defendant have represented that they consent to the Debtors' intervention. Counsel for the Plaintiff did not respond to the Debtors' request for confirmation whether the Plaintiff (i) consents to the Debtors' intervention, (ii) does not consent, or (iii) has no position at this time. For the reasons discussed herein, the Debtors respectfully request that this Court (or, to the extent this matter is removed to the Bankruptcy Court as set forth in the notice of removal and, alternatively, motion to transfer filed contemporaneously herewith prior to the disposition of this Motion, that the Bankruptcy Court) grant the Debtors' Motion and allow the same to intervene in this matter.

## **Factual Background**

1. The Amended Complaint and that certain *Answer and Affirmative Defenses to Amended Complaint and Counterclaims and Crossclaims and Third-Party Claims* of the Defendant [Docket No. 20] (the "Answer and Counterclaims") each provide a lengthy recitation of facts, so the Debtors shall avoid the same herein in the interest of brevity and to avoid redundancy. Moreover, a recitation of the facts and circumstances that led to the Debtors' chapter 11 cases can be found in that certain *Declaration of Gerard A. McHale, Jr. in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 2, Bankruptcy Case No. 23-12386] (the "First Day Declaration"), a copy of which is attached hereto as **Exhibit A**, and the factual statements of which are incorporated herein by reference.

2.      This action stems from that certain *Mezzanine Loan Agreement*, dated on or about October 15, 2020 [Docket No. 7-10], providing for a loan to Debtor Banyan Cay Mezzanine Borrower, LLC and misrepresentations and inaccuracies made by the Finkelstein Parties (as defined in the Answer and Counterclaims) related thereto. The contemplated principal amount of the loan was $60,000,000, of which only $5,000,000 was advanced to the Debtors.

3.      The Debtors engaged in various efforts to achieve alternative means of funding, to effectuate out-of-court sale processes, and to otherwise complete their development, but being plagued with setback after setback, all as more fully set forth in the First Day Declaration and the Answer and Counterclaims, the Debtors found themselves in their current predicament due, in part, to the actions by the Finkelstein Parties.

4.      The Debtors recently became aware of the Answer and Counterclaims filed by the Defendant in this case on June 13, 2023. Since learning of such pleading, reviewing the factual and legal statements therein, and comparing such factual and legal statements to the Debtors' books and records, the Debtors are imbued with the belief that certain of the claims and counterclaims contained therein are, at a minimum, co-owned by the Debtors and Defendant Mr. Gatto. Accordingly, to protect the Debtors' interests and to ensure assets of the Debtors' estates are properly administered, the Debtors filed this Motion.

**Basis for Relief and Argument**

**I.      The Debtors should be Permitted to Intervene as of Right.**

5.      Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2). Accordingly, under this Rule, an applicant must be permitted to intervene if: "(1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302–03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). The Debtors meet each of these requirements for intervention as of right.

**A.**     **The Debtors' Motion is Timely.**

6.     The Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213).

7.     This Circuit has recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). Ample case law indicates that a motion to intervene is likely to be timely when, as here, it is filed within months

of the original complaint. In *Chiles*, for example, a motion to intervene was held to be timely where the motion "was filed only seven months after [the plaintiff] filed his original complaint, three months after the government filed its motion to dismiss, and before any discovery had begun." 865 F.2d at 1213; *see also Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1125–26 (5th Cir. 1970) (motion to intervene more than a year after the action was commenced was timely when there had been no legally significant proceedings other than the completion of discovery and intervention would not cause any delay in the process of the overall litigation);[1] *Anderson v. United States*, No. 14-cv-1182, 2015 U.S. Dist. LEXIS 167398, at *2 (N.D. Ala. 2015) (where there is no prejudice to the parties, intervention is permissible even a year after litigation has commenced, and even though discovery has closed); *DeVault v. Isdale*, No. 15-cv-135, 2015 U.S. Dist. LEXIS 137684, at *9 (M.D. Fla. 2015) (when intervenor files a motion to intervene in advance of the defendant's deadline for production, the ensuing prejudice is "minimal"); *Davis v. S. Bell Tel. & Tel. Co.,* 149 F.R.D. 666, 670 (S.D. Fla. 1993) (allowing intervention when, "[a]lthough the case has been pending for more than two years, discovery on the merits has not been completed and dispositive motions have not been filed. As a consequence, there is no indication that this litigation is close to conclusion.").

8.     Applying these factors, the Debtors' application for intervention is patently timely. The original complaint was filed April 26, 2023, and the Amended Complaint was filed May 3, 2023. The Defendant filed his Answer and Counterclaims, the pleading most acutely implicating this intervention, on June 13, 2023, and Plaintiff has not yet answered such pleading. Under the scheduling order [Docket No. 16], Plaintiff and Defendant may join parties

---

[1] As this Court is aware, the Eleventh Circuit has adopted as binding precedent all cases decided by the former Fifth Circuit prior to the close of business on September 30, 1981, *see Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), and the Fifth Circuit precedent cited herein were cases adjudicated prior to such date.

to this action until July 14, 2023, discovery is not scheduled to close until November 3, 2023, and the trial is not scheduled until January 2024. This litigation remains at a very early stage, and the Debtors' intervention will not prejudice either party.

**B. The Debtors Have a Substantial Legal Interest in the Subject Matter of this Case.**

9. For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249; *see also Chiles*, 865 F.2d at 1212–13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 (quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

10. The Debtors have a legally protectable interest in this litigation. As Debtor Banyan Cay Mezzanine Borrower, LLC is the asserted primary obligor on the Mezzanine Loan, it has a direct, substantial, and legally protectable interest in the disposition of such loan and the claims arising therefrom. Moreover, each of Banyan Cay Mezzanine Borrower, LLC and the remaining Debtors, as the owners of the Banyan Cay development and for whose benefit the Mezzanine Loan was entered, have direct, substantial, and legally protectable interests in the crossclaims and counterclaims asserted against American Immigration Group, LLC, David Finkelstein, and the Plaintiff because, *inter alia*, the same are "Developer Indemnified Parties," as such term is used in the counterclaim and crossclaim for indemnification, and are victims of fraud, as set forth in the counterclaims and crossclaims for fraud. *See, generally,* Answer and Counterclaims ¶¶ 94–128.

11. In light of the claims set forth in the Amended Complaint going directly to alleged liability on the part of the Debtors and the counterclaims and crossclaims set forth in the Answer

and Counterclaims being claims that, at minimum, are co-owned by the Debtors, the Debtors patently have direct, substantial, and legally protectable interests in the subject matter of this case.

### C.   Intervention is Necessary to Protect the Debtors' Interest.

12.   The Debtors' ability to protect their substantial legal interest would be impaired absent intervention.  This Court's conclusions of law and a jury's (or this Court's) findings of fact with respect to the facts set forth and claims asserted in the Amended Complaint and the Answer and Counterclaims will have a direct effect on the Debtors.  The outcome of this case, including the potential for appeals by existing parties, implicates *stare decisis* concerns that warrant the Debtors' intervention.  *See Stone v. First Union Corp.*, 371 F. 3d 1305, 1309–10 (11th Cir. 2004) (recognizing that potential for a negative *stare decisis* effect "may supply that practical disadvantage which warrants intervention of right") (citing *Chiles*, 865 F.2d at 1214); *see also United States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002) (holding that amicus curiae status may be insufficient to protect the rights of an applicant for intervention "because such status does not allow [the applicant] to raise issues or arguments formally and gives it no right of appeal").  While the existing parties to the litigation will not be prejudiced by the Debtors' intervention, the Debtors will be prejudiced if their request for intervention is denied.

### D.   Existing Parties Cannot Protect the Interest of the Debtors.

13.   The fourth and final element to justify intervention of right is inadequate representation of the proposed intervenor's interest by existing parties to the litigation.  This element is satisfied if the proposed intervenor "shows that representation of [their] interest 'may be' inadequate."  *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)).  The burden on the proposed intervenor to show that existing parties cannot adequately represent its interest is "minimal."  *Stone*, 371 F.3d 1311; *U.S. Army Corps of*

*Eng'rs*, 302 F.3d at 1259 (citing *Trbovich*, 404 U.S. at 538 n.10). Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action. *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 (11th Cir. 1999); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

14.     The Debtors' primary goal is in protecting their interests and their assets, for the benefit of each of their creditor constituencies and equity ownership constituencies. Defendant may not adequately represent the Debtors' interests for a variety of reasons, including but not limited to the potential indemnity relationship as between the Debtors and the Defendant. A primary obligor and a guarantor, though inextricably related, are necessarily distinct parties with necessarily distinct arguments and interests, as their obligations arise from separate operative instruments. In recognizing this reality, federal courts allow intervention by a primary obligor where a creditor has sued to enforce a guaranty of the primary obligor's alleged debt, particularly in light of the "minimal" showing required by the would-be intervenor. *See Fredericks v. Shapiro*, 160 F.R.D. 26, 28 (S.D.N.Y. 1995) ("As the primary obligor on the alleged debt and a party indirectly liable for plaintiff's claim if upheld, [applicant for intervention] may file counterclaims pursuant to Fed.R.Civ.P. 13. Accordingly, [applicant] should be granted leave to intervene."); *Heller Fin. Leasing, Inc. v. Gordon*, 2004 U.S. Dist. LEXIS 24698, *26 (noting that even where the guarantor is managing member of the would-be intervenor and owes the same fiduciary duties, "[s]uch a connection in and of itself is not proof that [the guarantor's] interest and [the primary obligor's] interests are synonymous and there are potential differences in his choice of arguments and representation in the action and those for [the primary obligor].").

15.     In summary, the Debtors meet each of the Rule 24(a) requirements for intervention

as of right.

## II.     **Alternatively, the Debtors Should be Allowed to Intervene by Permission.**

16.     Fed. R. Civ. P. 24(b) provides for permissive intervention as an alternative basis for

the Debtors' intervention in this action.  Rule 24(b) states, in relevant part:

> (1) On timely motion, the court may permit anyone to intervene
> who:
>
>     (A) is given a conditional right to intervene by a federal
>     statute; or
>
>     (B) has a claim or defense that shares with the main action
>     a common question of law or fact.
>
> . . .
>
> (3) In exercising its discretion, the court must consider whether the
> intervention will unduly delay or prejudice the adjudication of the
> original parties' rights.

17.     The Eleventh Circuit has established a two-part test to guide this Court's discretion

as to whether a party may intervene pursuant to Rule 24(b)(2):  the applicant must show that

"(1) [their] application to intervene is timely; and (2) [their] claim or defense and the main action

have a question of law or fact in common."  *Chiles*, 865 F.2d at 1213 (citing *Sellers v. United

States*, 709 F.2d 1469, 1471 (11th Cir. 1983)).

18.     As discussed in Section I.A *infra*, the Debtors' application for intervention in this

litigation is timely and the Debtors' participation would neither unduly delay the proceedings nor

prejudice the adjudication of the rights of the original parties.  Additionally, the Debtors' claims

against the Plaintiff and Third-Party Defendants share common questions of law with Defendant's

claims, and rest upon common facts.  Indeed, the Debtors' forthcoming complaint shall incorporate

the facts as alleged in Defendant's Answer and Counterclaims. By avoiding multiple lawsuits and coordinating discovery, intervention will lend efficiency to the proceedings.

19. Moreover, the same substantial interests of the Debtors that grant them intervention by right pursuant to Rule 24(a) should be considered by this Court in the grant of intervention by permission pursuant to Rule 24(b) to the extent the Court determines the Debtors may not intervene by right (which, for the avoidance of doubt, the Debtors vociferously contest). Ultimately, this case centers on transactions with the Debtors, for loans borrowed by and made for the benefit of the Debtors, for a development owned by the Debtors, and all based on conduct taken by, with, and for the Debtors. In light of the circumstances and the above presentation, this case cannot adequately be tried without those same Debtors. Accordingly, intervention should be allowed, either by permission or by right, in the interest of judicial economy, efficiency on the part of the parties, and justice writ large.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

WHEREFORE, the Debtors respectfully request the entry of an order by this Court, or to

the extent this matter is transferred to the Bankruptcy Court prior to the disposition of this Motion,

by the Bankruptcy Court, granting this Motion and allowing the Debtors to intervene in this matter.

 Dated:   July 7, 2023

Respectfully submitted,

**PACK LAW**
*Counsel to the Debtors and Debtors-in-*
*Possession, Applicants for Intervention*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Jessey J. Krehl* _____
      Joseph A. Pack
      Email:  joe@packlaw.com
      Florida Bar No. 117882

      Jessey J. Krehl
      Email:  jessey@packlaw.com
      Florida Bar No. 1025848

## Certificate of Service

I hereby certify that I caused the foregoing materials to be served via the Courts Case Management / Electronic Case Filing ("CM/ECF") system, on July 7, 2023, on all parties registered to receive electronic service thereby. I further certify that the foregoing materials shall be served via electronic mail on each of the parties identified below at each of the electronic mail addresses identified below.

By:  /s/ Jessey J. Krehl
    Jessey J. Krehl
    Email:  jessey@packlaw.com
    Florida Bar No. 1025848

Served via electronic mail on:

Daniel Y. Gielchinsky
Jonathan Edward Growth
Isaac Meyer Marcushamer
DGIM LAW PLLC
2875 NE 191st Street, Suite 705
Aventura, FL 33180
dan@dgimlaw.com
jonathan@dgimlaw.com
isaac@markmigdal.com
*Attorneys for Plaintiff*

James Vandermark
Steven E. Ostrow
White & Williams, LLP
7 Times Square, Suite 2900
New York, NY 10036
vandermarkj@whiteandwilliams.com
ostrows@whiteandwilliams.com
*Attorneys for Plaintiff, Pro Hac Vice*

Robert W. Wilkins
Stanley Dale Klett, Jr.
Michael J. Gore
JONES FOSTER P.A.
505 S. Flagler Drive, Suite 1100
West Palm Beach, FL 33401
rwilkins@jonesfoster.com
sklett@jonesfoster.com
mgore@jonesfoster.com
*Attorneys for Defendant*

**<u>Exhibit B</u>**
**Notice of Removal**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BANYAN CAY RESORT FUND, LLC, | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| DOMENIC J. GATTO, JR., | ) |
| | ) |
| Defendant and Counter-Plaintiff. | ) |
| | ) |
| DOMENIC J. GATTO, JR., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID FINKELSTEIN and AMERICAN | ) |
| IMMIGRATION GROUP, LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |
| | ) |
| BANYAN CAY RESORT & GOLF, LLC, | ) |
| BANYAN CAY DEV. LLC, BANYAN CAY | ) |
| VILLAS, LLC, BANYAN CAY | ) |
| MAINTENANCE, LLC, BANYAN CAY | ) |
| INVESTMENT, LLC, BANYAN CAY | ) |
| MEZZANINE BORROWER, LLC, | ) |
| | ) |
| Applicants for Intervention. | ) |

## NOTICE OF REMOVAL PURSUANT TO LOCAL RULE 87.2
## AND BANKRUPTCY RULE 9027 OR, IN THE ALTERNATIVE, MOTION
## THAT THE ABOVE-CAPTIONED CASE BE TRANSFERRED TO THE UNITED
## STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

The above-captioned applicants for intervention, Banyan Cay Resort & Golf, LLC, Banyan

Cay Dev. LLC, Banyan Cay Villas, LLC, Banyan Cay Maintenance, LLC, Banyan Cay Investment,

LLC, and Banyan Cay Mezzanine Borrower, LLC (collectively, the "Debtors"), each a debtor and debtor in possession in that certain jointly administered bankruptcy case, Case No. 23-12386 (the "Bankruptcy Case"), pending before the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), respectfully provide notice of removal of the above-captioned case to the Bankruptcy Court, or in the alternative, move this Court to transfer the same to the Bankruptcy Court (this "Motion"), and state as follows in support this Motion:

<p style="text-align:center"><strong><u>Preliminary Statement</u></strong></p>

The Debtors respectfully submit that the above-captioned case should rightfully and appropriately heard before the Bankruptcy Court, as set forth herein and in that certain *Bankruptcy Debtors' Application and Motion to Intervene and Incorporated Memorandum of Law*, submitted contemporaneously herewith. The Debtors hereby provide notice pursuant to Bankruptcy Rule 9027—which effectuates an automatic removal of this case to the Bankruptcy Court—and in the alternative, moves that the above-captioned case be transferred as further described herein.

The underlying loan and transactions associated therewith that form the basis of the controversy before this Court have a lengthy history and, as this Court is well aware from its review of the operative pleadings, are just a small component of the much larger and more complicated matter that is the Banyan Cay development. This larger matter, since February 16, 2023, has played out before the Bankruptcy Court which has been the forum in which the Debtors, their various creditor constituencies, their various equity owners, and their various litigation counterparties have all had their rights reserved, their controversies compromised, and their disputes determined. The instant case should be no different, and as a component of the larger Banyan Cay matter, the Debtors believe that it should be heard by the Bankruptcy Court, whether by removal, reference, intra-district transfer, of otherwise.

**Relief Requested**

1.      The Debtors respectfully request entry of an order by this Court, or other docket action by this Court or the Clerk, transferring the above-captioned case to Judge Erik P. Kimball, United States Bankruptcy Judge for the Southern District of Florida, by way of, each collectively and in the alternative, (i) removal pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9027(a) and 28 U.S.C. § 1452(a), for the purposes of which the Debtors request that this Motion be deemed a notice of removal as set forth therein, (ii) reference pursuant to Local Rule of the United States District Court for the Southern District of Florida ("Local Rule") 87.2 and 28 U.S.C. § 157, (iii) transfer of venue pursuant to 28 U.S.C. § 1404, (iv) intra-district transfer pursuant to Local Rule of the United States Bankruptcy Court for the Southern District of Florida ("Local Bankruptcy Rule") 1015-1, or (v) such other means as this Court deems just and proper.

**Basis for Relief and Argument**

**A.      Notice of Removal and Basis Therefor.**

2.      Congress vested all original jurisdiction over bankruptcy cases in the United States District Courts.  28 U.S.C. §1334(a).  Congress further provided that the District Courts could refer all cases in bankruptcy and any and all related proceedings arising under, in, or related to cases in bankruptcy, to the United States Bankruptcy Courts.  28 U.S.C. §157(a).  The United States District Court for the Southern District of Florida has referred all cases under Title 11 of the United States Code (the "Bankruptcy Code") and all proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code to the United States Bankruptcy Court for the Southern District of Florida.  Local Rule 87.2; *In the Matter of Bankruptcy Proceedings, Order of Reference*, Administrative Order 2012-25 (S.D. Fla. March 27, 2012) (the "Order of Reference").  Accordingly, until and unless the reference of jurisdiction to the Bankruptcy Court is withdrawn

by an Order of the District Court, all jurisdiction over bankruptcy matters resides with the Bankruptcy Court.

3.      Furthermore, Local Rule 87.2 goes on to state that the Order of Reference "also applies to notices of removal pursuant to 28 U.S.C. § 1452(a), which shall be filed with the Clerk of the Bankruptcy Court for the Division of the District where such civil action is pending" and that "[t]he removed claim or cause of action shall be assigned as an adversary proceeding in the Bankruptcy Court."  Accordingly, simultaneously with the filing of this Motion, which the Debtors respectfully request be deemed a notice of removal pursuant to Local Rule 87.2, Bankruptcy Rule 9027, and 28 U.S.C. § 1452(a), the Debtors shall file a notice hereof in the Bankruptcy Case to provide notice to the Clerk of the Bankruptcy Court.

4.      Bankruptcy Rule 9027(a) provides the primary mechanism to effectuate the transfer of this matter to the Bankruptcy Court, as contemplated by 28 U.S.C. § 1452(a).  Specifically, Bankruptcy Rule 9027(a) states, in relevant part that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending," and Bankruptcy Rule 9027(b) goes on to explain that "[p]romptly after filing the notice of removal, the party filing the notice shall serve a copy of it on all parties to the removed claim or cause of action."

5.      Bankruptcy Rule 9027(c) states, in relevant part:

> Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

Accordingly, upon the filing of this notice, removal of this action is effective, and the parties hereto shall proceed before the Bankruptcy Court. As the Debtors in the Bankruptcy Case, the Debtors consent to the entry of final orders or judgments by the Bankruptcy Court.

6.     Removal of the instant case is not only appropriate as a procedural matter, but also as a jurisdictional one because, pursuant to 28 U.S.C. § 157, bankruptcy judges may "hear and determine" all "core proceedings" arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code, and may "hear" non-core proceedings that otherwise "relate" to a case under the Bankruptcy Code.

7.     28 U.S.C. § 157(b)(2) provides a non-exhaustive list of core proceedings that include "(A) matters concerning the administration of the [bankruptcy] estate," "(C) counterclaims by the estate against persons filing claims against the estate," and "(H) proceedings to determine, avoid, or recover fraudulent conveyances." Accordingly, in light of the ultimate resolution of this action having an effect on the administration of the Debtors' estates, the *Answer and Affirmative Defenses to Amended Complaint and Counterclaims and Crossclaims* [Docket No. 20] (the "Answer and Counterclaims") of Domenic Gatto, Jr. asserting counterclaims against Banyan Cay Resort Fund, LLC (which entity filed claims against the Debtors' estates as set forth in that certain Proof Of Claim No. 2 in Bankruptcy Case No. 23-11281), which asserted counterclaims are co-owned by the Debtors, and the inclusion of an action based on fraud in such Answer and Counterclaims, this proceeding is a core matter that is within the jurisdiction of the Bankruptcy Court to both hear and determine.

8.     Even if the instant case is not a core proceeding, however, it is at minimum a non-core matter within the jurisdiction of the Bankruptcy Court to hear, as this matter "relates to" a pending bankruptcy case. A proceeding is related to a bankruptcy case if "the outcome of the

proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re G.T.L Corp.*, 211 B.R. 241, 245 (Bankr. N.D. Ohio 1997) (quoting *In re Pacor, Inc.*, 743 F.2d at 994); *see also In re Boone*, 52 F.3d 958, 961 (11th Cir. 1995) ("The lack of effect on the estate is thus fatal to bankruptcy jurisdiction over the claim."); *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987) (a proceeding is related to a bankruptcy estate only if "it affects the amount of property available for distribution or the allocation of property among creditors"). The determination of the claims and counterclaims asserted in the instant matter will affect the amount of claims asserted against the Debtors, the property available of such Debtors to distribute to their creditors, and the existence and degree of indemnification obligations on the part of the Debtors. As the Debtors are asserted as obligors on the underlying documents that form the basis of the instant case, the resolution thereof patently "relates to" the Bankruptcy Case and it therefor should be removed to the Bankruptcy Court immediately.

**B.    Additional and Alternative Bases for Relief.**

9.    While the Debtors respectfully submit that the above-referenced rules, statutes, and administrative orders alone empower this Court, the Clerk of this Court, and the Clerk of the Bankruptcy Court to effectuate the transfer of this matter to the Bankruptcy Court, the Debtors alternatively move this Court to effectuate the relief requested herein by alternative means, including but not necessarily limited to the following:[1]

---

[1] Pursuant to the Debtors' research, there is certain *non-binding* treatment that favors means alternative to Bankruptcy Rule 9027 to effectuate the relief requested herein.  *See* American Bankruptcy Institute, *Removal of District Court Actions to Bankruptcy Court May Be Improper*, AMERICAN BANKRUPTCY INSTITUTE JOURNAL (Dec./Jan. 2003); *Unnamed Individuals v. Acad. (In Re Acad., Inc.)*, 288 B.R. 286, 290 ("Because Section 1452 allows only for the removal of causes to the district court, it would seem on its face to have no potential for removing causes that are already pending in the district court.") (quoting *Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc.*, 101 B.R. 16 (Bankr. N.D. Ill. 1989)).  However, as explained below, this non-binding treatment also contains the alternative mechanisms favored by such treatment, which is sought hereby in the alternative. *See infra* note 2.

a.  28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  To the extent this Court determines removal of this action to the Bankruptcy Court is not appropriate, the Debtors respectfully move this Court to refer this matter to the Bankruptcy Court, as suggested as the alternative relief in the aforementioned non-binding treatment.[2]

b.  28 U.S.C. § 1404(b) provides that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."  Because the Bankruptcy Court constitutes a "unit" of this Court pursuant to 28 U.S.C. § 151, this Court may, in its discretion, transfer the instant matter to the Bankruptcy Court, and the Debtors respectfully request this Court so order.

c.  28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."  Because the Bankruptcy Court lies geographically within the Division of this Court and Bankruptcy Judge Kimball is a "judicial officer of the district court" who may exercise the authority conferred upon him by law "with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court," pursuant to 28 U.S.C. § 151, the Debtors respectfully request that this Court order that this civil action be tried before the Bankruptcy Court and presided over by Judge Kimball.

d.  Local Bankruptcy Rule 1015-1(A)(1) provides that, in connection with joint administration of bankruptcy cases, "[i]f all affected cases have not been assigned to the same judge, the party shall file a separate motion in each case assigned to a judge not presiding over the first-filed case, requesting transfer of each such case to the judge presiding over the first-filed case."  The Bankruptcy Case of Debtor Banyan Cay Mezzanine Borrower, LLC, Case No. 23-11281, was filed prior to the instant case, and such case was assigned to Judge Erik P. Kimball, a different judge than the judge to which the above-captioned case is assigned.  Accordingly, the Debtors respectfully request this Court enter an order transferring this case to Bankruptcy Judge Kimball.

---

[2] American Bankruptcy Institute, *supra* note 1 ("Although arguments supporting removal of district court actions can be made, a party seeking to effect transfer of a matter from federal district court to its local bankruptcy court should, for the reasons cited above, move to refer, rather than remove, the matter."); *Unnamed Individuals*, 288 B.R. at 290 ("Thus, it appears the debtor/defendant alternatively seeks an order of the district court specifically referring the [district court] action to the bankruptcy court pursuant to the provisions of 28 U.S.C. § 157(a).  Only the district court, however, can order that relief.").

## Conclusion

10.      While the Debtors respectfully submit the above-enumerated bases for effectuating the relief requested hereby are non-exhaustive, they believe that they nevertheless supply this Court with ample justification for the transfer of this matter to the Bankruptcy Court.  The Debtors have made great headway before the Bankruptcy Court in building consensus, resolving controversies, and vindicating their rights.  This case should be no different.

WHEREFORE, the Debtors respectfully request the entry of an order by this Court, or other docket action by this Court or the Clerk, transferring the above-captioned case to Judge Erik P. Kimball, United States Bankruptcy Judge for the Southern District of Florida.

 Dated:   July 7, 2023

<div style="margin-left:40%">

Respectfully submitted,

**PACK LAW**
*Counsel to the Debtors and Debtors-in-Possession, Applicants for Intervention*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   _/s/ Jessey J. Krehl_____
       Joseph A. Pack
       Email:  joe@packlaw.com
       Florida Bar No. 117882

       Jessey J. Krehl
       Email:  jessey@packlaw.com
       Florida Bar No. 1025848

</div>

## **Certificate of Service**

I hereby certify that I caused the foregoing materials to be served via the Courts Case Management / Electronic Case Filing ("CM/ECF") system, on July 7, 2023, on all parties registered to receive electronic service thereby. I further certify that the foregoing materials shall be served via electronic mail on each of the parties identified below at each of the electronic mail addresses identified below.

By: _/s/ Jessey J. Krehl_

Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

Served via electronic mail on:

Daniel Y. Gielchinsky
Jonathan Edward Growth
Isaac Meyer Marcushamer
DGIM LAW PLLC
2875 NE 191st Street, Suite 705
Aventura, FL 33180
dan@dgimlaw.com
jonathan@dgimlaw.com
isaac@markmigdal.com
_Attorneys for Plaintiff_

James Vandermark
Steven E. Ostrow
White & Williams, LLP
7 Times Square, Suite 2900
New York, NY 10036
vandermarkj@whiteandwilliams.com
ostrows@whiteandwilliams.com
_Attorneys for Plaintiff, Pro Hac Vice_

Robert W. Wilkins
Stanley Dale Klett, Jr.
Michael J. Gore
JONES FOSTER P.A.
505 S. Flagler Drive, Suite 1100
West Palm Beach, FL 33401
rwilkins@jonesfoster.com
sklett@jonesfoster.com
mgore@jonesfoster.com
_Attorneys for Defendant_

**<u>Exhibit C</u>**
**Record of the Civil Action**

MEDIATION

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CIVIL DOCKET FOR CASE #: 9:23−cv−80707−WM

Banyan Cay Resort Fund, LLC v. Gatto
Assigned to: Magistrate Judge William Matthewman
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 04/26/2023
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Banyan Cay Resort Fund, LLC**

represented by **Daniel Gielchinsky**
DGIM Law PLLC
2875 NE 191st Street
Suite 705
Aventura, FL 33180
305−763−8708
Email: dan@dgimlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Edward Groth**
240 SW 15th Road, Unit 108
Miami, FL 33129
(860) 558−6447
Email: jonathan@dgimlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Vandermark**
White & Williams, LLP
Times Square, Suite 2900
New York, NY 10036
Email: vandermarkj@whiteandwilliams.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven E. Ostrow**
White & Williams, LLP
7 Times Square, Suite 2900
New York, NY 10036
Email: ostrows@whiteandwilliams.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Isaac Meyer Marcushamer**
Mark Migdal & Hayden
80 SW 8th Street
Suite 1999
Miami, FL 33130
305−374−0440
Email: isaac@markmigdal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Domenic J. Gatto, Jr.**

represented by **Michael James Gore**
Jones Foster PA
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401

561–659–3000
Email: mgore@jonesfoster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert William Wilkins**
Jones Foster PA
505 South Flagler Drive
Suite 1100
West Palm Beach, FL 33401
561–659–3000
Fax: 561–650–5300
Email: rwilkins@jonesfoster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Dale Klett , Jr**
Jones Foster
4741 Military Trail
Suite 200
Jupiter, FL 33458
United Sta
561–659–3000
Email: sklett@jonesfoster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**American Immigration Group, LLC**

**Defendant**
**David Finkelstein**

**Defendant**
**Banyan Cay Dev. LLC**

**Defendant**
**Banyan Cay Villas, LLC**

**Intervenor**
**Banyan Cay Resort & Golf, LLC**          represented by   **Jessey James Krehl**
Pack Law, P.A.
51 NE 24th St
Ste 108
Miami, FL 33137–5088
850–408–9952
Email: jessey@packlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**
**Banyan Cay Dev. LLC**          represented by   **Jessey James Krehl**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**
**Banyan Cay Villas, LLC**          represented by   **Jessey James Krehl**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Intervenor</u>**

**Banyan Cay Maintenance, LLC**                represented by  **Jessey James Krehl**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**<u>Intervenor</u>**

**Banyan Cay Mezzanine Borrower,**             represented by  **Jessey James Krehl**
**LLC**                                         (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**<u>Intervenor</u>**

**Banyan Cay Investment, LLC**                 represented by  **Jessey James Krehl**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**<u>ThirdParty Plaintiff</u>**

**Domenic J. Gatto, Jr.**                      represented by  **Michael James Gore**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Robert William Wilkins**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stanley Dale Klett , Jr**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

V.

**<u>ThirdParty Defendant</u>**

**American Immigration Group, LLC**

**<u>ThirdParty Defendant</u>**

**David Finkelstein**

**<u>Counter Claimant</u>**

**Domenic J. Gatto, Jr.**                      represented by  **Michael James Gore**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Robert William Wilkins**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Stanley Dale Klett , Jr**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Banyan Cay Resort Fund, LLC** | represented by | **Daniel Gielchinsky** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Jonathan Edward Groth** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **James Vandermark** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Steven E. Ostrow** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Isaac Meyer Marcushamer** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2023 | 1 | COMPLAINT against Domenic J. Gatto, Jr. Filing fees $ 402.00 receipt number BFLSDC−16571219, filed by Banyan Cay Resort Fund, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s), # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33)(Marcushamer, Isaac) (Entered: 04/26/2023) |
| 04/26/2023 | 2 | Clerks Notice of Judge Assignment to Judge Donald M. Middlebrooks. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge William Matthewman is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. (nan) (Entered: 04/26/2023) |
| 04/26/2023 | 3 | Summons Issued as to Domenic J. Gatto, Jr. (nan) (Entered: 04/26/2023) |
| 04/26/2023 | 4 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Steven E. Ostrow. Filing Fee $ 200.00 Receipt # BFLSDC−16572413 by Banyan Cay Resort Fund, LLC. Responses due by 5/10/2023 (Attachments: # 1 Text of Proposed Order)(Marcushamer, Isaac) (Entered: 04/26/2023) |
| 04/26/2023 | 5 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for James Vandermark. Filing Fee $ 200.00 Receipt # AFLSDC−16572414 by Banyan Cay Resort Fund, LLC. Responses due by 5/10/2023 (Attachments: # 1 Text of Proposed Order)(Marcushamer, Isaac) (Entered: 04/26/2023) |
| 04/28/2023 | 6 | PAPERLESS ORDER. Plaintiff fails to properly allege that this Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff appears to equate residence with citizenship when pleading the citizenship of all LLC members and Defendant. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (defining domicile as "the place of |

| | | |
|---|---|---|
| | | [a person's] true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom"); *see also Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Without allegations regarding the citizenship of all members and Defendant, the court cannot determine whether complete diversity exists. **Plaintiff is directed to cure this deficiency by filing an amended complaint on or before May 5, 2023.** Signed by Judge Donald M. Middlebrooks on 4/28/2023. (orz) (Entered: 04/28/2023) |
| 05/03/2023 | 7 | AMENDED COMPLAINT against Domenic J. Gatto, Jr, filed by Banyan Cay Resort Fund, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33)(Marcushamer, Isaac) (Entered: 05/03/2023) |
| 05/03/2023 | 8 | SUMMONS (Affidavit) Returned Executed on 1 Complaint,,, with a response/answer filing deadline pursuant to Fed. R. Civ. P. 15 as determined by the attorney/filer of 5/24/23 by Banyan Cay Resort Fund, LLC. Domenic J. Gatto, Jr served on 5/1/2023. (Marcushamer, Isaac) (Entered: 05/03/2023) |
| 05/08/2023 | 9 | ORDER REFERRING CASE AND SETTING TRIAL DATE: Jury Trial set for 1/16/2024 at 09:00 AM in West Palm Beach Division before Judge Donald M. Middlebrooks., Calendar Call set for 1/10/2024 at 01:15 PM in West Palm Beach Division before Judge Donald M. Middlebrooks. ORDER REFERRING CASE to Magistrate Judge William Matthewman to conduct a scheduling conference. Signed by Judge Donald M. Middlebrooks on 5/8/2023. *See attached document for full details.* (mee)<br><br>***Pattern Jury Instruction Builder* –** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 05/08/2023) |
| 05/10/2023 | 10 | PAPERLESS ORDER SETTING SCHEDULING CONFERENCE: Scheduling Conference set for 5/26/2023 at 2:00 PM in the West Palm Beach Division before U.S. Magistrate Judge William Matthewman to take place via Zoom Video Teleconference (VTC). Any motions to modify the existing trial date should be filed two (2) business days prior to the Scheduling Conference. Motions to modify the trial date must specifically state the basis for the request, including detailed factual support, and must provide a compelling reason. The parties are further advised that the Court is strongly disinclined to modify the trial date based upon the scheduling "tracks" contained within the Local Rules and/or based upon vague references to the complexities of the case. To log in through ZoomGov Meeting, use Meeting ID: 160 540 3826 and Passcode: 246129. All counsel shall appear by both audio and video. Because of the expedited nature of the conference, the parties are relieved of Local Rule 16.1(b)'s conference report requirement. Signed by Magistrate Judge William Matthewman on 5/10/2023. (no00) (Entered: 05/10/2023) |
| 05/17/2023 | 11 | PAPERLESS ORDER granting (DE 4 ; DE 5 ) Motions to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorneys Steven E. Ostrow and James Vandermark. Signed by Judge Donald M. Middlebrooks on 5/17/2023. (orz) (Entered: 05/17/2023) |
| 05/26/2023 | 12 | NOTICE of Attorney Appearance by Robert William Wilkins on behalf of Domenic J. Gatto, Jr. Attorney Robert William Wilkins added to party Domenic J. Gatto, Jr(pty:dft). (Wilkins, Robert) (Entered: 05/26/2023) |
| 05/26/2023 | 13 | NOTICE of Attorney Appearance by Stanley Dale Klett, Jr on behalf of Domenic J. Gatto, Jr. Attorney Stanley Dale Klett, Jr added to party Domenic J. Gatto, Jr(pty:dft). (Klett, Stanley) (Entered: 05/26/2023) |
| 05/26/2023 | 14 | NOTICE of Attorney Appearance by Michael James Gore on behalf of Domenic J. Gatto, Jr. Attorney Michael James Gore added to party Domenic J. Gatto, Jr(pty:dft). (Gore, Michael) (Entered: 05/26/2023) |

| 05/26/2023 | 15 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge William Matthewman: The Scheduling Conference was held via Zoom Video Teleconference on 5/26/2023. The Court discussed whether parties would be added, the trial period, pretrial deadlines, motions to continue, sealing of documents, consent to magistrate judge jurisdiction, mediation or settlement conferences, requirements if a settlement is reached, the Local Rules, discovery, good faith conferral, and the pendency of a related bankruptcy action. Written scheduling order and order of referral to mediation will be issued. The parties advised the Court of a related bankruptcy proceeding involving certain non−party corporate entities, and the parties agreed to file a Joint Status Report on or before June 22, 2023, to advise this Court of the status of the anticipated June 13, 2023 auction of real property and June 15, 2023 bankruptcy sale hearing and its effect, if any, upon this case. Total time in court: 29 minutes. Attorney Appearance(s): Steven E. Ostrow, Jonathan Edward Groth, Robert William Wilkins, Stanley Dale Klett, Jr. (Digital Zoom Video Recording Start Time: 2:03 p.m.) (cpe) (Entered: 05/26/2023) |
|---|---|---|
| 05/26/2023 | 16 | PRETRIAL SCHEDULING ORDER AND ORDER REFERRING CASE TO MEDIATION: ( Amended Pleadings due by 7/14/2023., Discovery due by 11/3/2023., Fact Discovery due by 11/3/2023., Expert Discovery due by 11/3/2023., Joinder of Parties due by 7/14/2023., In Limine Motions due by 11/17/2023., Motions due by 11/17/2023., Pretrial Stipulation due by 12/19/2023., Jury Trial set for 1/16/2024 at 09:00 AM before Judge Donald M. Middlebrooks., Calendar Call set for 1/10/2024 at 01:15 PM before Judge Donald M. Middlebrooks.), ORDER REFERRING CASE to Mediation. Signed by Magistrate Judge William Matthewman on 5/26/2023. *See attached document for full details.* (mee)<br><br>***Pattern Jury Instruction Builder*** − To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 05/29/2023) |
| 06/09/2023 | 17 | Joint SCHEDULING REPORT − **Rule 26(f)** by Banyan Cay Resort Fund, LLC (Gielchinsky, Daniel) (Entered: 06/09/2023) |
| 06/09/2023 | 18 | Joint NOTICE of Mediator Selection. Selected/Added Jacqueline Hogan Scola as Mediator. (Wilkins, Robert) (Entered: 06/09/2023) |
| 06/13/2023 | 19 | ORDER REFERRING CASE TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE. REFERRING CASE to Magistrate Judge William Matthewman for a settlement conference. Signed by Judge Donald M. Middlebrooks on 6/13/2023. *See attached document for full details.* (mee) (Entered: 06/13/2023) |
| 06/13/2023 | 20 | *DOMENIC J. GATTO, Jr.,* ANSWER and Affirmative Defenses to Amended Complaint , THIRD PARTY COMPLAINT against American Immigration Group, LLC, David Finkelstein, COUNTERCLAIM against Banyan Cay Resort Fund, LLC by Domenic J. Gatto, Jr. (Attachments: # 1 Exhibit EB5 Commitment Letter)(Klett, Stanley) (Entered: 06/13/2023) |
| 06/22/2023 | 21 | ORDER SCHEDULING SETTLEMENT CONFERENCE VIA ZOOM VTC. Settlement Conference set for 9/1/2023 at 10:00 AM before Magistrate Judge William Matthewman. Signed by Magistrate Judge William Matthewman on 6/22/2023. *See attached document for full details.* (mee) Corrected Judge holding hearing in text on 6/22/2023 (mf). (Entered: 06/22/2023) |
| 06/22/2023 |  | Reset Hearing to correct Judge re: DE 21 Settlement Conference set for 9/1/2023 10:00 AM in West Palm Beach Division before Magistrate Judge William Matthewman. (mf) (Entered: 06/22/2023) |
| 06/22/2023 | 22 | STATUS REPORT *Regarding Bankruptcy Auction (Joint)* by Banyan Cay Resort Fund, LLC (Groth, Jonathan) (Entered: 06/22/2023) |
| 06/23/2023 | 23 | Notice and Consent to Jurisdiction US Magistrate Judge signed by all parties . Filed by Banyan Cay Resort Fund, LLC (Groth, Jonathan) (Entered: 06/23/2023) |
| 06/28/2023 | 24 | ORDER OF REFERENCE. REASSIGNING CASE to Magistrate Judge William Matthewman for all further proceedings including trial and entry of judgment. Judge Donald M. Middlebrooks no longer assigned to case. Signed by Judge Donald M. Middlebrooks on 6/27/2023. *See attached document for full details.* (mee) (Entered: 06/29/2023) |

| 06/29/2023 | 25 | PAPERLESS ORDER: THIS CAUSE is now set before the Undersigned United States Magistrate Judge for all further purposes, including trial. [DE 23; DE 24]. Being fully advised in the premises, the Court hereby ORDERS that a status conference shall be held on July 26, 2023, at 1:00 p.m., to take place via Zoom Video Teleconference (VTC). To log in through ZoomGov Meeting, use Meeting ID: 160 540 3826 and Passcode: 246129. All participants at the hearing are expected to appear by both audio and video. Counsel for the parties shall confer prior to the hearing and be prepared to discuss: (1) proposed changes to the existing pretrial schedule; (2) an estimate of the time required for trial; (3) proposed trial dates; (4) the status of the current litigation; and (5) any other matters which need to be addressed by the parties or the Court. Further, in light of the parties' consent to Magistrate Judge jurisdiction, it is hereby ORDERED that the settlement conference currently scheduled for September 1, 2023 at 10:00 a.m. [DE 21] is CANCELED. In this regard, the Court will issue a further Order after checking the availability of another Magistrate Judge to conduct a settlement conference in this case. Signed by Magistrate Judge William Matthewman on 6/29/2023. (cpe) (Entered: 06/29/2023) |
|---|---|---|
| 06/29/2023 | 26 | ORDER SETTING DISCOVERY PROCEDURE. Signed by Magistrate Judge William Matthewman on 6/29/2023. *See attached document for full details.* (mee) (Entered: 06/29/2023) |
| 06/30/2023 | | Calendar call and Jury Trial set before presiding Judge Middlebrooks terminated. (iar) (Entered: 06/30/2023) |
| 07/07/2023 | 27 | MOTION to Intervene by Banyan Cay Resort & Golf, LLC, Banyan Cay Dev. LLC, Banyan Cay Villas, LLC, Banyan Cay Maintenance, LLC, Banyan Cay Mezzanine Borrower, LLC, Banyan Cay Investment, LLC. Attorney Jessey James Krehl added to party Banyan Cay Resort & Golf, LLC(pty:intv), Attorney Jessey James Krehl added to party Banyan Cay Dev. LLC(pty:intv), Attorney Jessey James Krehl added to party Banyan Cay Villas, LLC(pty:intv), Attorney Jessey James Krehl added to party Banyan Cay Maintenance, LLC(pty:intv), Attorney Jessey James Krehl added to party Banyan Cay Mezzanine Borrower, LLC(pty:intv), Attorney Jessey James Krehl added to party Banyan Cay Investment, LLC(pty:intv). (Krehl, Jessey) (Entered: 07/07/2023) |
| 07/07/2023 | 28 | NOTICE by Banyan Cay Dev. LLC, Banyan Cay Investment, LLC, Banyan Cay Maintenance, LLC, Banyan Cay Mezzanine Borrower, LLC, Banyan Cay Resort & Golf, LLC, Banyan Cay Villas, LLC *of Removal to United States Bankruptcy Court for the Southern District of Florida, or in the Alternative, Motion to Transfer Case Thereto* (Krehl, Jessey) (Entered: 07/07/2023) |