**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| BANYAN CAY RESORT & GOLF, LLC, *et al* [1] | Case No. 23-12386-EPK |
| | (Jointly Administered) |
| Debtors. | |

_____/

**AGREED EMERGENCY MOTION TO SUPPLEMENT THE FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363, (III) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105(A), 362, 364(C), AND 364(D), AND (IV) GRANTING SUPER PRIORITY CLAIMS TO THE DIP LENDER PURSUANT TO 11 U.S.C. 364(C)**

**(*Expedited Hearing Requested*)**

**Basis for Expedited Relief**

The Lender, together with the consent of the Debtors, request that the relief requested herein, which relief seeks to supplement the Final DIP & Cash Collateral Order, be heard on or about August 16, 2023. The Lender respectfully submits that an expedited hearing on the aforementioned relief is warranted because the relief requested herein is urgent in nature and is necessary to maintain the Debtors' estates and their property. No party will be prejudiced by the entry of the Proposed Supplemental Order, particularly in light of its consensual nature. The Lender and the Debtors respectfully request that the Court waive the provisions of Rule 9075-1(B) of the Local Rules, which require an affirmative statement that the Debtors have made a *bona fide* effort to resolve the issues raised in this expedited motion, as the relief requested herein is urgent in nature and does not lend itself to resolution in advance of a hearing.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

12337049-4

U.S. Real Estate Credit Holdings III-A, LP ("U.S. Real Estate" or the "Lender"), the primary senior secured creditor and DIP Lender in the above-captioned Chapter 11 Cases and Banyan Cay Resort and Golf, LLC, and the above captioned debtors and debtors in possession herein (collectively, the "Debtors"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105, 363, 364 and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure file this *Agreed Motion to Supplement the Final Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 And 363, (III) Authorizing the Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105(a), 362, 364(c), And 364(d), and (IV) Granting Super Priority Claims to the DIP Lender Pursuant to 11 U.S.C. 364(c)* (the "Motion"), and respectfully represent as follows:

## INTRODUCTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This cause is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND[2]

On February 16, 2023, Banyan Cay Mezzanine Borrower, LLC ("Mezz Borrower") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court. On March 29, 2023 (the "Petition Date"), the Debtors other than the Mezz Borrower (the "Operating Debtors" and collectively with Mezz

---

[2] All capitalized terms used herein that are not otherwise defined shall have the meanings ascribed to them in the DIP Financing Motion (as defined herein).

12337049-4

Borrower, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

The Debtors' cases (the "Chapter 11 Cases") are being jointly administered.

The Debtors continue to operate their business and manage its affairs as debtors-in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

No committee has been appointed in the Debtors' Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

On May 18, 2023, the Court entered the *Final Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, (III) Authorizing the Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105(a), 362, 364(c), and 364(d), and (IV) Granting Super Priority Claims to the DIP Lender Pursuant to 11 U.S.C. 364(c)* (ECF No. 131, the "Final DIP & Cash Collateral Order").

The Final DIP & Cash Collateral Order provided for the use of Cash Collateral (as defined therein) by the Debtors during the pendency of the Chapter 11 Cases and the provision of a DIP Loan up to $3.8 million in debtor in possession financing ("DIP Loan") to cover the Debtors' operational expenses pursuant to 13 Week Budget (the "Budget"). The Budget for funding of the Debtors operations ran through July 16, 2023.

On May 1, 2023, the Court entered the Bid Procedures Order approving the Bid Procedures and the Amended and Restated Asset Purchase Agreement (the "Stalking Horse Agreement") between the Debtors and Westside Property Investment Company, Inc. (the "Stalking Horse Bidder").

3

12337049-4

The Stalking Horse Agreement proposed the sale of, *inter alia*, Lender's collateral, as set forth in the Bid Procedures Order (the "Sale"), for $102,100,000.00 (the "Stalking Horse Sale Proceeds").

On June 26, 2023, the Court entered the *Order (I) Authorizing and Approving the Sale of Certain Property of the Debtors, Free and Clear of Liens, Claims, Encumbrances and Interest and (II) Granting Related Relief* (ECF No. 183, the "Sale Order"). As part of the Sale Order, the Lender agreed to extend the expiration of the Final DIP & Cash Collateral Order from July 16, 2023, to July 31, 2023 to accommodate the closing and an expedited confirmation process.

Additionally, on April 28, 2023, the Court entered an *Order Granting Motion for Entry of an Order (A) Authorizing the Debtors to Assume Purchase and Sale Agreement with Banyan Cay Estates, LLC; (B) compromising Controversy Therebetween, and (C) Granting Related Relief* (ECF No. 105, the "Estate Lots Order"). The Estate Lots Ordered contemplated the proposed sale of certain of the Lender's collateral (the "Estate Lots Sale") for a purchase price of $10,500,00.00 ("Estate Lot Sale Proceeds" collectively, with the Stalking Horse Sale Proceeds, the "Proceeds").

The Sale Order required the transactions to close simultaneously and set the Outside Closing Date for both the Stalking Horse Sale and the Estate Lots Sale on July 31, 2023, with the Proceeds to be paid to the Lender at Closing.

On or about July 25, 2023, Lender was advised that the sale transaction would not occur on or before the Outside Closing Date.

On July 28, 2023, based upon the prospective breach of the Stalking Agreement the Final DIP & Cash Collateral Order the Lender transmitted a Termination Declaration to the

4

12337049-4

Debtors indicating Lender's intention to exercise its Default Remedies, under the Final DIP & Cash Collateral Order including, but not limited to: i) terminating any further commitment to extend credit to the Debtors without further written approval from Lender; ii) imposing the default interest rate of 15%; and iii) exercising its credit bid rights under Section 7 of the Final DIP & Cash Collateral Order ("Credit Bid Rights").

On July 31, 2023, the Stalking Horse Bidder failed to close on the transaction and the Stalking Horse Agreement and the Estate Lots Sale were terminated.

On or about August 3, 2023, in response to a Deposit Demand dated July 28, 2023 issued by Lender, Old Republic National Title Company, the Escrow Agent for the Stalking Horse Agreement, wired the $3,063,000.00 deposit to Lender with the Consent of the Debtors and Stalking Horse Bidder.

As of the date hereof, the Debtors are in default of the Final DIP & Cash Collateral Order.

The Lender intends to exercise its Credit Bid Rights under Section 7 of the Final DIP and Cash Collateral Order to purchase the real property identified in the Stalking Horse Agreement and the Estate Lots Sale (the "Credit Bid Transaction") but requires additional time to complete the transaction. The Debtors have agreed to cooperate and assist with the Credit Bid Transaction. The Credit Bid Transaction will not include the property encumbered by Bellefrau Group LLC or ZJC, LLC. However, Lot 21 (as defined in the Final DIP & Cash Collateral Order) will be included. The Lender expects to close on the Credit Bid Transaction on or about August 31, 2023.

12337049-4

On August 9, 2023, the Lender filed an *Emergency Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sale Order; (II) Amend the Sale Order to Substitute Lender's APA's and (III) Authorize U.S. Real Estate Credit Holdings III-A, LP's Credit Bid* (ECF No. 308, the "Motion to Compel"), concomitantly providing to the Debtors the financial terms of the Credit Bid Transaction and requesting that the Court authorize the Credit Bid Transaction and compel the Debtors to execute the Lender APA (as defined therein).  Debtors' counsel has advised they consent to the Motion to Compel and will continue to cooperate in closing the Credit Bid Transaction as set forth therein.

## RELIEF REQUESTED

As of July 31, 2023, the Debtors do not have sufficient available sources of working capital and financing to carry on the operation of their businesses without the continued financing requested herein.[3]  Accordingly, the Debtors, with the consent of the Lender, respectfully request that the Court supplement the Final DIP & Cash Collateral Order solely[4] to authorize the continued financing by the Lender, pursuant to a supplemental budget to be agreed upon by the parties.

The ability of the Debtors to pay employees, maintain business relationships with vendors and suppliers, and maintain the property is essential to preserve the collateral under the difficult scenario with which the parties are faced.    In addition, the Debtors' critical need for financing is immediate.  Without the financing, the property would fall into disrepair and be detrimental to the estates and the Lender and serious and irreparable harm to the Debtors and their

---

[3] Lender has agreed to continue to finance the Debtors operations pursuant to the terms of the Supplemental Budget pending approval of this Motion by the Court.

[4]  Nothing contained in this Motion or order should be deemed to affect or alter the finality of the Final DIP & Cash Collateral Order or be deemed a waiver of any rights and remedies in favor of the Lender.

12337049-4

estates would occur. The preservation and maintenance of the property to avoid further diminution in value pending the closing of the Credit Bid Transaction, are of the utmost significance and importance to the Debtors estates.

Accordingly, the Debtors seek the entry of an Order supplementing the Final DIP & Cash Collateral Order to provide for the continued financing as set forth in the proposed stipulation and supplemental final order (the "Proposed Supplemental Order"), the form of which is attached hereto as **Exhibit 1**. Pursuant to a supplemental budget (the "Supplemental Budget"), a copy of which is attached as Exhibit A to the Proposed Supplemental Order, all disbursements pursuant to the Supplemental Budget shall be pursuant to the requirements set forth in the DIP Loan Documents and require the Debtors to provide to the Lender a DIP Loan Advance Certificate (as defined therein) and sufficient information and documentation regarding the purpose and use of the disbursement. Additionally, the Debtors shall provide, if so requested by the Lender, sufficient evidence regarding the use of funds from a prior DIP Loan Advance (i.e., cancelled checks, invoices, receipts, and wire certificates).

The continued financing proposed herein will minimize disruption of the Debtors' operations and maintain value, pending the closing of the Credit Bid Transaction. The Supplemental Budget also provides for certain funding of professional fees for the administration of the cases and the closing on the Credit Bid Transaction. The Debtors do not believe they can continue to operate the business, or preserve the value of the assets, including the property, without the continued financing that Lender has agreed to provide on the terms set forth herein. The Debtors and the property face immediate and irreparable harm if relief is not granted in this matter.

12337049-4

Lender consents to the continued financing is subject to: (i) the entry of the Proposed Supplemental Order substantially in the form attached hereto; (ii) Debtors' execution of necessary and customary or other documents as may be requested by Lender; and (iii) the Debtors' continued cooperation with the Credit Bid Transaction.

**WHEREFORE**, the Debtors and the Lender respectfully request that this Court enter an order (a) granting this Motion; (b) supplementing the Final DIP & Cash Collateral Order as provided herein; and (c) granting such other general and equitable relief as is just.

**DATED**: August 10, 2023        Respectfully submitted,

BERGER SINGERMAN LLP
Attorneys for U.S. Real Estate
313 Monroe Street, Suite 301
Tallahassee, FL  32301
Telephone No.  (850) 561-3010
Facsimile No.   (954) 561-3013


By: _s/ Brian G. Rich_____
    Brian G. Rich
    Florida Bar No.38229
    brich@bergersingerman.com
    Jordi Guso
    Florida Bar No. 863580
    jguso@bergersingerman.com
    Michael J. Niles
    Florida Bar No. 107203
    mniles@bergersingerman.com

12337049-4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was served on August 10, 2023, by electronic transmission through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the attached CM/ECF Service List.

By: <u>s/ *Brian G. Rich*</u>
      Brian G. Rich

12337049-4

## CM/ECF SERVICE LIST

Paul J. Battista     pjbattista@venable.com,
cascavone@venable.com;jnunez@venable.com;imalcolm@venable.com;heburke@venable.com
Ryan E Davis     rdavis@whww.com, thiggens@whww.com;thiggens@ecf.courtdrive.com
Heidi A Feinman     Heidi.A.Feinman@usdoj.gov
Robert C Furr     ltitus@furrcohen.com,
atty_furrcohen@bluestylus.com;jcrane@furrcohen.com;staff1@furrcohen.com;furrrr84158@not
ify.bestcase.com
Jordi Guso     jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
Jessey J Krehl     jessey@packlaw.com
Isaac M Marcushamer     isaac@dgimlaw.com,
colleen@dgimlaw.com;isaac_876@ecf.courtdrive.com;eservice@dgimlaw.com
Michael Jordan Niles     mniles@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.courtdrive.com;zmorton@bergersingerman.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Joseph A Pack     joe@packlaw.com
Hampton Peterson     legalservices@PBCTax.com
Brian G Rich     brich@bergersingerman.com,
efile@bergersingerman.com;efile@ecf.courtdrive.com;zmorton@bergersingerman.com
Traci H Rollins     trollins@gunster.com, crossodivita@gunster.com
James S Telepman     jst@cohennorris.com

10

12337049-4

## **Exhibit 1**

**Proposed Supplemental Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                             Chapter 11

BANYAN CAY RESORT & GOLF, LLC,                     Case No. 23-12386-EPK
*et al.*[1]
                                                   (Jointly Administered)

        Debtors.
_____/


**STIPULATION AND SUPPLEMENTAL FINAL ORDER AUTHORIZING USE OF
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE
PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363, (III) AUTHORIZING THE
DEBTORS TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§
105(A), 362, 364(C), AND 3649D), AND (IV) GRANTING SUPER PRIORITY CLAIMS
TO THE DIP LENDER PURSUANT TO 11 U.S.C. 364(C)**

---

[1]  The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

12337049-4

**THIS CAUSE** came before the Court on August __, 2023 at _____, on the *Agreed Emergency Motion to Supplement the Final Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 And 363, (III) Authorizing the Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105(a), 362, 364(c), and 364(d), and (IV) Granting Super Priority Claims to the DIP Lender Pursuant to 11 U.S.C. 364(c)* (the "Motion"), filed by U.S. Real Estate Credit Holdings III-A, LP ("U.S. Real Estate" or the "Lender") and the above captioned Debtors (collectively the "Debtors") seeking to amend the *Final Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363, (III) Authorizing the Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105(a), 362, 364(c), and 364(d), and (IV) Granting Super Priority Claims to the DIP Lender Pursuant to 11 U.S.C. 364(c)***,** entered May 18, 2023 [ECF No. 131, the "Final DIP and Cash Collateral Order"] pursuant to 11 U.S.C. §§ 361, 363, 364(c) and (d). The Court, having reviewed and considered the Final DIP Order, the Motion and the evidence and argument presented in support of the Motion, as well as the Court record in this case, the Court

**ORDERS** as follows:

The Motion is **GRANTED**.

Except as specifically provided in this Supplemental Order, the terms and provisions of the Final DIP and Cash Collateral Order shall remain a final Order and in full force and effect, binding upon all parties in interest, and are incorporated herein by reference. For purposes of such incorporation only, all references in the Final DIP and Cash Collateral Order to

12337049-4

"this Final Order" shall be read to also include this Supplemented Order.[2]

The Budget referenced in Paragraph (a) of the recitals in the Final DIP and Cash Collateral Order shall be supplemented by the Supplemental Budget, attached hereto as **Exhibit A**.  The Lender shall fund consistent with the Supplemental Budget, the terms of the Motion, and the terms of the Loan Documents.  The Lender shall be entitled to all protections, liens, and rights as set forth in the Loan Documents and the Final DIP and Cash Collateral Order

The "Maturity Date" is August 31, 2023, or the date upon which the Credit Bid Transaction is closed.  No existing defaults under the Final DIP and Cash Collateral have been satisfied or waived and this Order, and the agreement to fund as set forth herein is not a waiver of the Lender's rights in any way.

All of the Lender's rights and remedies under the Final DIP and Cash Collateral Order and Loan Documents are preserved.

### 

Submitted by:
Brian G. Rich, Esq.
BERGER SINGERMAN LLP
*Attorneys for U.S. Real Estate*
313 Monroe Street, Suite 301
Tallahassee, FL  32301
Telephone No.  (850) 561-3010
Brich@bergersingerman.com

*(Attorney Rich is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

---

[2] Nothing contained in this Order should be deemed to affect or alter the finality of the Final DIP & Cash Collateral Order

3

12337049-4

**<u>Exhibit A to Supplemental Order</u>**

**Supplemental Budget**

4

Banyan Cay Projection
31 July 2023 Through 27 Aug 2023

| Line | Item | 7/31/2023 | 8/7/2023 | 8/14/2023 | 8/21/2023 | Total $ |
|---|---|---|---|---|---|---|
| 1 | Revenue | - | - | - | - | - |
| 2 | | | | | | |
| 3 | GOLF - Cost of Goods Sold | - | - | - | - | - |
| 4 | | | | | | |
| 5 | F&B - Cost of Goods Sold | | | | | |
| 6 | Food | - | - | - | - | - |
| 7 | Alcohol | - | - | - | - | - |
| 8 | Merchant account fees | 4,000 | | | | 4,000 |
| 9 | Supplies | - | - | - | - | - |
| 10 | Total F&B | 4,000 | - | - | - | 4,000 |
| 11 | | | | | | |
| 12 | Total Revenue Offsets | (4,000) | - | - | - | (4,000) |
| 13 | | | | | | |
| 14 | Operational Expenses | | | | | |
| 15 | Admin Expenses | | | | | |
| 16 | Sprint (Cell Phone and iPad) | 1,600 | | | | 1,600 |
| 17 | Bank Fees | 200 | | | | 200 |
| 18 | Software Maintenance | 5,000 | | | 400 | 5,400 |
| 19 | Phone System, Domains, Emails | 500 | | | 200 | 700 |
| 20 | Total Admin Expenses | 7,300 | - | - | 600 | 7,900 |
| 21 | | | | | | |
| 22 | Repairs & Maint | | | | | |
| 23 | General Deferred Maintenance | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| 24 | Total Repairs & Maint | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| 25 | | | | | | |
| 26 | Hardscape Repairs | | | | | |
| 27 | Landscape Congress Ave and Development | 16,200 | | | | 16,200 |
| 28 | Total Hardscape Repairs | 16,200 | - | - | - | 16,200 |
| 29 | | | | | | |
| 30 | Insurance | | | | | |
| 31 | Commercial GL / Crime & Fidelity / Terrorism | | $163,701.84 | | | 163,702 |
| 32 | Excess/Umbrella Liability: | | | | | - |
| 33 | Business Auto | | | | | - |
| 34 | Inland Marine Insurance | | | | | - |
| 35 | Total Insurance | - | 163,702 | - | - | 163,702 |
| 36 | | | | | | |
| 37 | Payroll | 45,000 | | 45,000 | 45,000 | 135,000 |
| 38 | Golf Course Consultant | 7,500 | | | 7,500 | 15,000 |
| 39 | Payroll & Contract Labor | 52,500 | - | 45,000 | 52,500 | 150,000 |
| 40 | | | | | | |
| 41 | Golf Course Expenses | | | | | |
| 42 | DLL (Equipment Leases) | - | | | | - |
| 43 | Site One (Chemicals) | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| 44 | Legacy Turf (Liquid Fertilizer) | 2,500 | 2,500 | 2,500 | 2,500 | 10,000 |
| 45 | Plant Health Solution (Chemicals) | 1,300 | 1,300 | 1,300 | 1,300 | 5,200 |
| 46 | Golf Agronomics Supply (Testing, Sand) | 7,500 | | | 7,500 | 15,000 |
| 47 | Hector (Irrigation & Parts) | 4,000 | 4,000 | 4,000 | 4,000 | 16,000 |
| 48 | Lake Maintenance | 14,000 | | | | 14,000 |
| 49 | SSI (Diesel and Gas GCM) | 6,000 | | | | 6,000 |
| 50 | Total Golf Course Expenses | 40,300 | 12,800 | 12,800 | 20,300 | 86,200 |
| 51 | | | | | | |
| 52 | Utilities Expenses | | | | | |
| 53 | FPL (Electricity) | 100,000 | | | | 100,000 |
| 54 | City of West Palm Beach (Water) | 4,000 | | | | 4,000 |
| 55 | Comcast (Cable and Internet) | 600 | | | 600 | 1,200 |
| 56 | Florida Public Utilities (Gas) | | | | 1,500 | 1,500 |
| 57 | Total Utilities | 104,600 | - | - | 2,100 | 106,700 |
| 58 | | | | | | |
| 59 | Other Expenses | | | | | |
| 60 | City Violations Fines (Property Cleanup Related) | | | 25,000 | | 25,000 |
| 61 | Removal of Debris and Lake Cleanup | | | 15,000 | | 15,000 |
| 62 | Lock & Key Changes | | | 15,000 | | 15,000 |
| 63 | Security | 19,000 | | 19,000 | | 38,000 |
| 64 | Storage | 28,000 | | | | 28,000 |
| 65 | Total Other Expenses | 47,000 | - | 74,000 | - | 106,000 |
| 66 | | | | | | |
| 67 | Bankruptcy Related | | | | | |
| 68 | Professional Fees | | | | | |
| 69 | CRO | 12,500 | 12,500 | 12,500 | 12,500 | 50,000 |
| 70 | Attorney | 25,000 | 25,000 | 25,000 | 25,000 | 100,000 |
| 71 | Total Professional Fees * | 37,500 | 37,500 | 37,500 | 37,500 | 150,000 |
| 72 | Total Bankruptcy Related | 37,500 | 37,500 | 37,500 | 37,500 | 150,000 |
| 73 | | | | | | |
| 74 | Total Expenses | 310,400 | 219,002 | 174,300 | 118,000 | 806,702 |
| 75 | | | | | | |
| 76 | Net Financing Required | 314,400 | 219,002 | 174,300 | 118,000 | 810,702 |
| 77 | | | | | | |
| 78 | Beginning Cash | 110,000 | | | | |
| 79 | Weekly Cash Required | 204,400 | 219,002 | 174,300 | 118,000 | |
| 80 | Ending Cash | | | | | |

Fees are up to the amounts set forth herein and only for case administration and title transfer/closing related issues.
Fees do not include time for Litigation analysis or a Plan, unless Lender consents to a Plan process.
Professional fees to be funded and paid at closing or Fee Application approval, if applicable (but if
approved prior to closing, fees shall not be paid until closing).