**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) |  |
|  | ) | Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) |  |
|  | ) | Case No. 23-12386 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**EXPEDITED MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING**
**THE DEBTORS TO ASSUME AND ASSIGN CERTAIN CONTRACTS TO**
**CREDIT BID PURCHASER, AND (B) GRANTING RELATED RELIEF**

(*Expedited Hearing Requested*)

<u>Basis for Expedited Relief</u>

As set forth more fully in this Motion, the Debtors request that the relief requested herein be heard on an expedited basis, subject to the Court's schedule and availability, in the week of September 11, 2023. The Debtors respectfully submit that an expedited hearing on the aforementioned relief is warranted because the assumption and assignment is vital to the Debtors' credit bid sale process, and the procedures set forth herein were included in the Credit Bid APA, attached to the Substituted Sale Motion and approved pursuant to the Substituted Sale Order (each as defined herein). The Debtors submit that no party will be prejudiced by the entry of the Order, particularly in light of the notice provided hereby and the anticipated consensual nature of the relief sought hereby. The Debtors respectfully request that the Court waive the provisions of Rule 9075-1(B) of the Local Rules, which require an affirmative statement that the Debtors have made a *bona fide* effort to resolve the issues raised in this expedited motion, as the relief requested herein is urgent in nature and does not lend itself to resolution in advance of a hearing.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

The above-captioned debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

## Relief Requested

1.      Consistent with the terms of the Credit Bid APA (as defined herein), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing, but not directing the Debtors to (a) assume the Assumed Contracts (as defined herein), (b) assign the Assumed Contracts to the Purchaser (as defined herein) upon closing, and (c) granting related relief, all as more specifically set forth in this Motion.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Bankruptcy Rules 6004, 6006, and 9019.

## Background

5.      On March 29, 2023(the "Petition Date"), each of the Debtors other than Banyan Cay Mezzanine Borrower, LLC filed voluntary petitions for relief under chapter 11 of the

Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") before the Bankruptcy Court.  Banyan Cay Mezzanine Borrower, LLC filed its voluntary petition for relief on February 16, 2023.

6.    The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

7.    No committee has been appointed in the Debtor's Chapter 11 Case pursuant to section 1102 of the Bankruptcy Code.

8.    On June 26, 2023, the Court entered the *Order (I) Authorizing and Approving the Sale of Certain Property of the Debtors, Free and Clear of Liens, Claims, Encumbrances and Interest and (II) Granting Related Relief* [Docket No. 183] (the "Sale Order"), approving the sale of substantially all of the Debtors assets to Westside Property Investment Company, Inc. ("Westside"), as set forth in that certain *Amended and Restated Asset Purchase Agreement* (the "Westside APA"), attached as Exhibit 1 to the Sale Order..

9.    On August 9, 2023, U.S. Real Estate Credit Holdings III-A, LP (the "Lender") submitted that certain *Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sake Order; (II) Amend the Sale Order to Substitute Lender's APA; and (III) Authorize U.S. Real Estate Credit Holdings III-A LP's Credit Bid* [Docket No. 308] (the "Substituted Sale Motion").  Attached to the Substituted Sale Motion as Exhibit A was that certain *Asset Purchase Agreement* (the "Proposed Credit Bid APA") which contemplated the credit bid purchase by the Lender (or its affiliated credit bid purchaser) of substantially all of the Debtors' assets.  The Substituted Sale Motion sought, *inter alia*, approval of the Lender's credit bid, approval of the form of the Proposed

Credit Bid APA, and the substitution of the Credit Bid APA and Lender (or its affiliated credit bid purchaser) for, respectively, the Westside APA and Westside in the Sale Order.

10.    On August 18, 2023, the Bankruptcy Court entered that certain *Order Granting Emergency Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sake Order; (II) Amend the Sale Order to Substitute Lender's APA; and (III) Authorize U.S. Real Estate Credit Holdings III-A LP's Credit Bid* [Docket No. 322] (the "Substituted Sale Order"), granting the relief requested in the Substituted Sale Motion.

11.    On August 30, 2023, the Debtors executed that certain *Asset Purchase Agreement* (the "Credit Bid APA") between each of the Debtors, as "Sellers," and USREC Banyan Cay LLC" as "Purchaser" (the "Purchaser"), which Credit Bid APA substantially conforms to the Proposed Credit Bid APA.

12.    The terms of the Credit Bid APA set forth certain procedures for the assumption and assignment of executory contracts to the Purchaser.  The Debtors seek an order of this Court approving the assumption and assignment, as the case may be, of certain contracts, as set forth herein.

## Basis for Relief

### I.    Assumption and Assignment of the Assumed Contracts is an Exercise of the Debtors' Sound Business Judgment and is in the Best Interest if the Debtors' Estates.

13.    Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or  unexpired lease of the debtor." 11 U.S.C. § 365(a).  It is well established that decisions to assume or reject executory contracts or unexpired leases are matters within the "business judgment" of the debtor.  *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *Chira v. Saal (In re Chira)*, 367 B.R. 888, 898 (S.D. Fla. 2007); *In re G. Survivor Corp.*, 171 B.R. 755,

757 (Bankr. S.D.N.Y. 1994) (noting that "[i]n determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test.  Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered") (citations omitted); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *Sharon Steel Corp. v. National Fuel Gas Dist Corp.*, 872 F.2d 36, 40 (3d Cir. 1989).  Accordingly, courts approve the assumption or rejection of an executory contract or unexpired lease unless evidence is presented that the debtor's decision to assume or reject was "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice."  *In re Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied,* 475 U.S. 1057 (1986).

14.     Adequate business justification exists to merit judicial approval of the proposed assumption and assignment of certain of the Debtors' executory contracts (the "Assumed Contracts").  These Assumed Contracts are valuable assets of the Debtors' estate and, in light of the potential desire of the Purchaser to assume the same, represent an integral part of the Credit Bid APA.

15.     Section 365 of the Bankruptcy Code authorizes a debtor to assume and/or assign an executory contract if the debtor:

> (A)     cures, or provides adequate assurance that [it] will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an expired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

5

(B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)    provides adequate assurance of future performance under such contract or lease. . . .

(f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if —

(A)    the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B)    adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

*See* 11 U.S.C. §§ 365(a), (b)(1), (f)(2).    Accordingly, section 365 of the Bankruptcy Code authorizes the proposed assumptions and assignments of executory contracts and unexpired leases, provided that the defaults under such contracts are cured and adequate assurance of future performance is provided.

16.    It is well settled that the meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but that a contract counterparty is not required to receive an absolute guarantee of future performance.  *See, e.g., In re Glycogensys, Inc.*, 352 B.R. 568, 578 (Bankr. D. Mass. 2006) ("[I]t is appropriate to evaluate the financial condition of the assignee and the likelihood that the non-debtor party will receive the benefit of its bargain from the assignee"); *Carlisle Homes, Inc. v. Arrari (In re Carlisle  Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D. N.J. 1989) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); *In re Natco  Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (same).  As set forth in Section 4.3 of the Credit Bid APA entitled "Adequate Assurances Regarding Executory Contracts," the Purchaser "as of the Closing Date will be capable of

6

satisfying the conditions contained in sections 365(b)(1)(C) and 365(f) of the Bankruptcy Code with respect to the Assumed Contracts."

17.     Section 365(f)(1) of the Bankruptcy Code permits a debtor to assign unexpired leases and contracts free from such anti-assignment restrictions, providing, in pertinent part, that:

> [N]otwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

18.     Section 365(f)(l) of the Bankruptcy Code, by operation of law, invalidates provisions that prohibit, restrict, or condition assignment of an executory contract or unexpired lease. *See, e.g.*, *Coleman Oil Co., Inc. v. The Circle K Corp. (In re The Circle K Corp.)*, 127 F. 3d 904, 910-11 (9th Cir. 1997) ("no principle of bankruptcy or contract law precludes us from permitting the Debtors here to extend their leases in a manner contrary to the leases' terms, when to do so will effectuate the purposes of section 365") *cert. denied*, 522 U.S. 1148 (1998).  Section 365(f)(3) of the Bankruptcy Code goes beyond the scope of section 365(f)(1) of the Bankruptcy Code by prohibiting enforcement of any clause creating a right to modify or terminate the contract or lease upon a proposed assumption or assignment thereof.  *See, e.g.*, *In re Jamesway Corp.*, 201 B.R. 73 (Bankr. S.D.N.Y. 1996) (section 365(f)(3) of the Bankruptcy Code prohibits enforcement of any lease clause creating right to terminate lease because it is being assumed or assigned, thereby indirectly barring assignment by debtor; all lease provisions, not merely those entitled anti-assignment clauses, are subject to court's scrutiny regarding anti-assignment effect).

19.     As set forth above, the Credit Bid APA, provides for the assumption and assignment of the Assumed Contracts from or after the Petition Date, including the payment of cure costs and the assurance of future performance thereunder, and such assumption and assignment complies with the provisions of the Bankruptcy Code.

**II.     The Cure Notice and Procedures Related to Cure Amounts, Consistent with the Provisions of the Credit Bid APA.**

20.     Section 6.1 of the Credit Bid APA states that the Debtors shall serve a cure notice (the "Cure Notice") "by first class mail on all non-debtor counterparties to all potentially Assumed Contracts and provide a copy of the same to Purchaser."  The form of the Cure Notice is attached hereto as **Exhibit A**, and consistent with the Credit Bid APA, contains, as applicable, "(i) the title of the contract or lease, (ii) the name of the contract or lease counterparty, (iii) [the Debtors'] good faith estimates of the Cure Amounts required in connection with such contract or lease (the "Cure Amounts"), (iv) the identity of Purchaser and (v) the deadline by which any such contract or lease counterparty may file an objection to the proposed assumption and assignment and/or cure, and the procedures relating thereto."  The Cure Notice, together with notice of this Motion, shall be sent via first class mail to all potential Assumed Contract counterparties and the Debtors shall submit a separate certificate of such service.

21.     Moreover, Section 6.2 of the Credit Bid APA provides, in relevant part that:

A.     Up to one (1) day prior to the Closing Date, Purchaser may, in its sole discretion, add or remove any contract or lease as an Assumed Contract to be assumed and assigned to Purchaser on the Closing Date by amending the Closing Assumed Contract List , and, in connection with the Closing, the applicable Seller shall move in the Bankruptcy Court to assign any such contract or lease on the Closing Assumed Contract List to Purchaser, and at the Closing shall assume and assign to, and Purchaser shall accept the assignment of and assume such contract or lease;

B.     In advance of the Closing Date, Purchaser may, in its sole discretion, designate a contract or lease for exclusion and rejection by delivering written notice to Sellers and, in connection with the Closing, the applicable Seller shall move to reject any such contract or lease as of the Closing Date (which date shall constitute the Rejection Effective Date with respect thereto); and

C.     On or prior to thirty (30) days following the Closing date (the "Retained Contracts Period"), Purchaser may, in its sole discretion, change the designation of an Assumed Contract to a

Rejected Contract or a Rejected Contract to an Assumed Contract by amending the Closing Assumed Contract List, if a non-Seller Contract counterparty objects to proposed Cure Amounts and either (i) Purchaser is unable to reach a satisfactory agreement with the non-Seller Contract counterparty as to the total amount of the Cure Costs or (ii) an order is entered establishing the Cure Costs in greater amounts unsatisfactory to Purchaser.

(all as set forth more specifically ion the Credit Bid APA, the "Assumption Procedures").

22.     The inclusion of an Assumed Contract in this Assumption Motion (or a revised Assumption Notice) will not obligate the Debtors to assume any Assumed Contract listed thereon or the Purchaser to take assignment of such Assumed Contract and, as set forth above, the Debtors reserve the right to modify the list of Assumed Contracts in accordance with the Substituted Sale Order and the Credit Bid APA, including to remove executory contracts or unexpired leases from such list. Only those Assumed Contracts that are included on a schedule of assumed and assigned executory contracts and unexpired leases attached to the final Sale Transaction documentation with the Purchaser will be assumed and assigned to the Purchaser,

23.     All other executory contracts shall be rejected in the Debtors' business judgment. Pursuant to the Credit Bid APA and the Sale Order, the Purchaser shall not assume any other contracts or liabilities of the Debtors.

24.     The Debtors request that this Court approve the Assumption Procedures and modify the same such that they may be accomplished without the need for further motions or orders of this Court (as set forth in the Proposed Order), to allow for the orderly and efficient closing contemplated by the Credit Bid APA, and so the Debtors, the Purchaser, and the Assumed Contracts counterparties can each work together expeditiously through the Retained Contracts Period to resolve controversies (if any) without the need for further court action or burden on judicial economy.

## **Conclusion**

WHEREFORE, the Debtors respectfully request the Court enter an order, substantially in the form attached as **Exhibit B** hereto, granting the relief requested herein.

Dated:   August 31, 2023

Respectfully submitted,

**PACK LAW**
*Counsel to the Debtors
and Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Jessey J. Krehl*
Joseph A. Pack
Email:  joe@packlaw.com
Florida Bar No. 117882

Jessey J. Krehl
Email:  jessey@packlaw.com
Florida Bar No. 1025848

**<u>Exhibit A</u>**

**Cure Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) | |
| | ) | Case No. 23-12386 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEBTOR'S INTENT**
**TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES AND SETTING FORTH THE CURE AMOUNTS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On June 26, 2023, the Court entered the *Order (I) Authorizing and Approving the Sale of Certain Property of the Debtors, Free and Clear of Liens, Claims, Encumbrances and Interest and (II) Granting Related Relief* [Docket No. 183] (the "Sale Order"), approving the sale of substantially all of the Debtors assets to Westside Property Investment Company, Inc. ("Westside"), as set forth in that certain *Amended and Restated Asset Purchase Agreement* (the "Westside APA"), attached as Exhibit 1 to the Sale Order..

2.      On August 9, 2023, U.S. Real Estate Credit Holdings III-A, LP (the "Lender") submitted that certain *Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sake Order; (II) Amend the Sale Order to Substitute Lender's APA; and (III) Authorize U.S. Real Estate Credit Holdings III-A LP's Credit Bid* [Docket No. 308] (the "Substituted Sale Motion"). Attached to the Substituted Sale Motion as Exhibit A was that certain *Asset Purchase Agreement*

---

[1]   The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC.  The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

(the "Proposed Credit Bid APA") which contemplated the credit bid purchase by the Lender (or its affiliated credit bid purchaser) of substantially all of the Debtors' assets. The Substituted Sale Motion sought, *inter alia*, approval of the Lender's credit bid, approval of the form of the Proposed Credit Bid APA, and the substitution of the Credit Bid APA and Lender (or its affiliated credit bid purchaser) for, respectively, the Westside APA and Westside in the Sale Order.

3.      On August 18, 2023, the Bankruptcy Court entered that certain *Order Granting Emergency Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sake Order; (II) Amend the Sale Order to Substitute Lender's APA; and (III) Authorize U.S. Real Estate Credit Holdings III-A LP's Credit Bid* [Docket No. 322] (the "Substituted Sale Order"), granting the relief requested in the Substituted Sale Motion.

4.      On August 30, 2023, the Debtors executed that certain *Asset Purchase Agreement* (the "Credit Bid APA") between each of the Debtors, as "Sellers," and each USREC Banyan Cay, LLC, as "Purchaser" (the "Purchaser"), which Credit Bid APA substantially conforms to the Proposed Credit Bid APA.

5.      The Debtors are party to various executory contracts (collectively, the "Contracts") and, pursuant to the Credit Bid APA, the Debtor seeks to assume and assign certain of such Contracts to the Purchaser, or its designee, as applicable (collectively, the "Assumed Contracts").

6.      You have been identified as a counterparty to a potentially Assumed Contract. The Assumed Contract with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "Cure Amount") is set forth on **Schedule 1** annexed hereto.

7.      The Debtors believe that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed Contract can be cured by the payment of the Cure Amount.

8.      The assumption and assignment of any Assumed Contract shall result in the full release and satisfaction of any claims or defaults relating to the Assumed Contract, whether monetary or non-monetary.

9.      Objections, if any, to the Cure Amount or the assumption and/or assignment of an Assumed Agreement for any other reason (the "Cure Amount Objection") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Bankruptcy Court on or before on or before **4:00 p.m. (prevailing Eastern Time) on September 8, 2023** (the "Cure Objection Deadline") and served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon: (i) the Debtors, c/o Jerry McHale, Chief Restructuring Officer (email: jerrym@thereceiver.net); (ii) the attorneys for the Debtors, Pack Law, c/o Joseph Pack and Jessey Krehl (email: joe@packlaw.com; jessey@packlaw.com); and (iii) the attorneys for Purchaser, Berger Singerman LLP, c/o Brian Rich and Michael Niles (email: brich@bergersingerman.com; mniles@bergersingerman.com), in each case, so as to be actually received no later than 4:00 p.m. (prevailing Eastern time) on the same day (together, the "Notice Parties").

10.     Any counterparty to an Assumed Contract that fails to timely file a Cure Amount Objection by the Cure Objection Deadline, shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Assumed Contracts and the Debtors shall be entitled to rely solely upon the Cure Amount; and (ii) be deemed to have consented to the assumption and assignment of such Assumed Contract and shall be forever

3

barred and estopped from asserting or claiming against the Debtors, the Purchaser, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied under such Assumed Contracts.

11.     Where a counterparty to an Assumed Contract files a timely Cure Amount Objection, the Cure Amount Objection must set forth (i) the basis for the objection, and (ii) the amount the party asserts as the Cure Amount.  After receipt of the Cure Amount Objection, the Debtors and the Purchaser will attempt to reconcile any differences in the Cure Amount believed by the non-debtor party to exist.  In the event, however, that the Debtors, the Purchaser, and the non-debtor party are unable to consensually resolve the Cure Amount Objection, such parties shall seek the resolution of any such disputes by the Court, absent mutual agreement of the parties.

12.     If no Cure Amount is due under the Assumed Contract, or the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

13.     The Debtors' decision to assume and assign the Assumed Contracts is subject to Bankruptcy Court approval.  The inclusion of an Assumed Contract on this Assumption Notice (or a revised Assumption Notice) will not obligate the Debtors to assume any Assumed Contract listed thereon or the Purchaser to take assignment of such Assumed Contract and, as set forth above, the Debtors reserve the right to modify the list of Assumed Contracts in accordance with the Substituted Sale Order and the Credit Bid APA, including to remove executory contracts or unexpired leases from such list. Only those Assumed Contracts that are included on a schedule of assumed and assigned executory contracts and unexpired leases attached to the final Sale Transaction documentation with the Purchaser will be assumed and assigned to the Purchaser,

14.     All other executory contracts, including but not limited to all membership agreements shall be rejected in the Debtors' business judgment.

Dated:   Auguust 31, 2023

**PACK LAW**
*Counsel to the Debtors*
*and Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:  */s/ Jessey J. Krehl*
Joseph A. Pack
Email:  joe@packlaw.com
Florida Bar No. 117882

Jessey J. Krehl
Email:  jessey@packlaw.com
Florida Bar No. 1025848

5

**Schedule 1 to Cure Notice**

| Contract | Counterparty | Cure Amount |
|---|---|---|
| Lease Agreement 101-0435454 | DLL Finance LLC | $48,318.04 |
| Lease Agreement 101-0450295 | DLL Finance LLC | $2,456.67 |
| Lease Agreement 101-0454952 | DLL Finance LLC | $41,892.05 |
| Lease Agreement 101-0457935 | DLL Finance LLC | $7,994.71 |
| Lease Agreement 101-0450169 | DLL Finance LLC | $1,715.06 |
| U And Me Storage Agreement | U And Me Storage | 390,000 |
| | Cure Amount Total | $492,376.53 |

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) | |
| | ) | Case No. 23-12386 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING EXPEDITED**
**MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING**
**THE DEBTORS TO ASSUME AND ASSIGN CERTAIN CONTRACTS**
**TO CREDIT BID PURCHASER, AND (B) GRANTING RELATED RELIEF**

**THIS MATTER** came before the Court on [___], 2023 upon the above-captioned

debtors and debtors in possession's (the "Debtors"") *Expedited Motion for Entry of an Order*

*(A) Authorizing the Debtors to Assume and Assign Certain Contracts to Credit Bid Purchaser,*

*and (C) Granting Related Relief* [Docket No. [__]] (the "Motion");[2] and the Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found

---

[1]  The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC.  The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

1.    The Motion is **GRANTED**.

2.    The Debtors are authorized, but not directed to assume and assign the Assumed Contracts to USREC Banyan Cay, LLC (the "Purchaser"), or such affiliate entity as may be necessary to effectuate the terms of this order, as applicable.

3.    Consistent with the terms of the Credit Bid APA, the Purchaser shall pay any Cure Amounts due and owing under such Assumed Contracts.

4.    The Cure Notice and service thereof is hereby approved and shall be deemed due and adequate notice of the assumption and assignment of the Assumed Contracts, the Cure Amounts, and the opportunity to object thereto.

5.

6.    The Assumption Procedures, as set forth in the Motion and the Credit Bid APA are approved in their entirety.  Specifically, and without limiting the forgoing approval,

A.     Up to one (1) day prior to the Closing Date, Purchaser may, in its sole discretion, add or remove any contract or lease as an Assumed Contract to be assumed and assigned to Purchaser on the Closing Date by amending the Closing Assumed Contract List , and, in connection with the Closing, and at the Closing the Sellers shall assume and assign to, and Purchaser shall accept the assignment of and assume such contract or lease;

B.     In advance of the Closing Date, Purchaser may, in its sole discretion, designate a contract or lease for exclusion and rejection by delivering written notice to Sellers and, in connection with the Closing, the Debtors shall be deemed to reject such contract or lease as of the Closing Date (which date shall constitute the Rejection Effective Date with respect thereto); and

C.     On or prior to thirty (30) days following the Closing date (the "Retained Contracts Period"), Purchaser may, in its sole discretion, change the designation of an Assumed Contract to a Rejected Contract or a Rejected Contract to an Assumed Contract by amending the Closing Assumed Contract List, if a non-Seller Contract counterparty objects to proposed Cure Amounts and either (i) Purchaser is unable to reach a satisfactory agreement with the non-Seller Contract counterparty as to the total amount of the Cure Costs or (ii) an order is entered establishing the Cure Costs in greater amounts unsatisfactory to Purchaser.

7.    The inclusion of an Assumed Contract on this Assumption Notice (or a revised Assumption Notice) will not obligate the Debtors to assume any Assumed Contract listed thereon or the Purchaser to take assignment of such Assumed Contract and, as set forth above, the Debtors reserve the right to modify the list of Assumed Contracts in accordance with the Substituted Sale Order and the Credit Bid APA, including to remove executory contracts or unexpired leases from such list. Only those Assumed Contracts that are included on a schedule of assumed and assigned executory contracts and unexpired leases attached to the final Sale Transaction documentation with the Purchaser will be assumed and assigned to the Purchaser,

8.      All other executory contracts shall be rejected in the Debtors' business judgment. Pursuant to the Credit Bid APA and the Sale Order, the Purchaser shall not assume any other contracts or liabilities of the Debtor.

9.      The Debtors are  authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

**Submitted by:**
Jessey Krehl, Esq.
Attorney for the Debtors and Debtors-in-Possession
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jessey@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.