**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re                                )  | |
|                                         )  | **Chapter 11** |
| **Banyan Cay Resort & Golf, LLC,** *et al.*[1]    )  | |
|                                         )  | **Case No. 23-12386-EPK** |
| **Debtors.**                            )  | |
|                                         )  | **(Jointly Administered)** |

**WESTSIDE PROPERTY INVESTMENT COMPANY, INC.'S MOTION FOR**
**PROTECTIVE ORDER REGARDING NOTICE OF RULE 2004 EXAMINATION**

Westside Property Investment Company, Inc. ("Westside") hereby moves for the entry of a protective order prohibiting, limiting and/or rescheduling the examination of documents as requested in the Notice of Rule 2004 Examination Duces Tecum issued by the above-captioned debtors (the "Debtors").

**Background**

1. Westside and the Debtors entered into an Asset Purchase Agreement, dated as of April 2, 2023, for the purchase and sale of substantially all of the Debtors' real property (excluding certain residential lots) and related personal property (the "Original APA"). [Doc. 31, Ex. A]

2. The purchase price under the Original APA was $102,100,000, subject to certain adjustments and prorations. (Original APA, Section 2.5). The end date for closing was July 31, 2023 (Original APA, Sections 1.1 and 9.1).

3. In accordance with the Original APA, on April 5, 2023, Westside made a deposit in the amount of $3,063,000 (the "Deposit") to Old Republic National Title Insurance Company,

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

as escrow agent (the "Escrow Agent"). (Original APA, Section 2.4).

4. The Original APA provided that "Seller's remedy against Purchaser for Purchaser's failure to comply with its obligations under this Agreement shall be limited to the Deposit and no other remedy …." (Original APA, Section 9.2(a)).

5. Thereafter, Westside and the Debtors entered into an Amended and Restated Asset Purchase Agreement, dated as of April 28, 2023 (the "Amended APA"). The terms for the purchase price, the Deposit, and the liquidated damage provision did not change.

6. On May 1, 2023, this Court entered an order approving the Amended APA as the stalking horse agreement and establishing procedures for competing bids. [Doc. 109].

7. On June 26, 2023, this Court entered an order approving the Debtors' entry into the Amended APA and the consummation of the sale, subject to the terms and modifications set forth in the order (the "Sale Order"). [Doc. 183]. The Sale Order provided, *inter alia*, for an increase in the purchase price of $400,000 and confirmed that closing shall occur on or before July 31, 2023.

8. Westside did not fund the purchase price by July 31, 2023.

9. At the Debtors' request, Westside consented to the forfeiture of the Deposit being held by the Escrow Agent. At the direction of the Debtors, the Escrow Agent disbursed the Deposit to the Debtors' secured lender.

10. On August 10, 2023, the Debtors filed a Notice of Rule 2004 Examination Duces Tecum (the "Rule 2004 Notice") [Doc. 309]. The Rule 2004 Notice was served on Westside on August 18, 2023.

11. In the Rule 2004 Notice, the Debtors request that Westside produce all of the documents described on the Exhibit A attached to the Rule 2004 Notice, by September 4, 2023 at

9:00 a.m.  The requested documents include, all documents that discuss, relate to, or refer to:

- the sale transaction

- the financial ability of Westside as of April 2, April 12, April 17, April 26, June 15, and June 26, 2023

- all partners and funding sources

- the closing deadline and the purchase price increase

- the purchase price adjustment for furniture, fixtures, and equipment

- the storage of the furniture, fixtures, and equipment

- the Non-Disclosure Agreement between the Debtors and Westside

- the receipt of any information related to the sale

- the sharing of any information related to the sale

- the procedures put in place relating to information received relating to the sale

- communications with the Debtors' vendors, contractors, customers, subcontractors, secured creditors, unsecured creditors, club members, or any government or administrative agency or development-related or permit-issuing entity

### No Good Cause Exists For The Rule 2004 Examination

12. Federal Rule of Bankruptcy Procedure 2004 provides, in part:

> (a) Examination on Motion.  On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination.  The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge….

13. Under the Local Rules of this Court, however, a Notice of Rule 2004 Examination may be issued without an order of the Court.  Local Rule 2004-1(A) provides:

> (A)    Manner of Setting Examination. No order will be necessary to authorize an examination pursuant to Bankruptcy Rule 2004, or to require

-3-

production of documents or ESI at the examination. Examinations may be scheduled by filing the Local Form "Notice of Rule 2004 Examination" and serving the notice on the trustee, the debtor, the debtor's attorney and the party to be examined, and, if applicable, the subpoena required by subdivision (D) of this Rule.

14. The Local Rules, however, allow for an interested party to seek a protective order to prohibit, limit, or reschedule the examination. Local Rule 2004-1(C) provides:

(C) Motion for Protective Order. An interested party may file, prior to the date of the proposed examination, a motion for protective order stating the reasons for prohibiting, limiting or rescheduling the examination, and the examination shall be stayed until the court rules on the motion.

15. "Although the scope of the examination permitted under Bankruptcy Rule 2004 is broad it is not without limits." *In the Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

16. "Although a Rule 2004 examination may be ordered ex-parte, once a motion to quash a subpoena is made, the examiner bears the burden of proving that good cause exists for taking the requested discovery. … Good cause may ordinarily be shown by a claim that the requested documents are necessary to establish the movant's claim or that denial of production would cause undue hardship or injustice, however the burden of showing good cause is an affirmative one and is not satisfied merely by a showing that justice would not be impeded by production of the requested documents." *Id.* at 434-435.

17. "For the Court to grant Rule 2004 discovery, it must make a finding of 'good cause.' As the party seeking discovery under Rule 2004, the Debtor bears the burden of proving that 'good cause' exists for the discovery it seeks. The Debtor can prove good cause by showing that either the Rule 2004 discovery is needed to establish a claim or that denial of the Rule 2004 discovery would cause undue hardship or injustice." *In re Defoor Centre, LLC*, 634 B.R. 630, 638 (Bankr. M.D. Fla. 2021). In *Defoor Centre*, the debtor sought to use Rule 2004 to compel the production of documents. The Bankruptcy Court denied the request because the debtor, having identified the

potential cause of action in its schedules, already had the preliminary information needed to bring whatever claims it may have. The Court noted that allowing the debtor to conduct Rule 2004 discovery prior to filing an adversary complaint would give the debtor an unfair strategic advantage. *Id.* at 639.

18. The party requesting the examination must demonstrate that there are 'colorable grounds' for the claim it is seeking to establish. *In re Serignese,* 2019 WL 2366424 (Bankr. S.D.N.Y. June 3, 2019), citing *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993) (Bankruptcy Court denied creditor's motion for Rule 2004 examination of debtor seeking to establish nondischargeability claims under sections 523(a)(4) or (a)(6) where creditor failed to provide any information to support a colorable claim). *See also In re Strecker*, 251 B.R. 878, 880 (Bankr. D.Colo. 2000) (Bankruptcy Court held that it would not approve any motions of a creditor for a Rule 2004 examination without some recital of some fact(s) – beyond the mere issuance of an insufficient funds check – that the debtor had engaged in some conduct that might support a colorable argument that there is conduct warranting a claim for non-dischargeability or a denial of discharge).

19. There is no good cause for the Debtors' Rule 2004 Notice. Westside did not comply with its obligation under the Amended APA to pay the purchase price by July 31, 2023. As a result, Westside forfeited the Deposit of $3,063,000. The Amended APA expressly provides that this was the Debtors' sole and exclusive remedy.

20. Unless and until the Debtors establish "good cause", the Court should prohibit the Rule 2004 discovery sought by the Debtors against Westside. The Debtors must be required to identify and support a colorable claim against Westside and to show that the discovery is necessary to establish such a claim.

21.     The Debtors have made allegations, in a written filing in this case[2] and in oral statements to this Court[3], that they believe that Westside has engaged in fraud and intentional misrepresentations.  Presumably, if the Debtors believe they are the victim of fraud or misrepresentation, the Debtors should already be able to allege what representations of fact were made to them, when and by whom, and how the Debtors relied to their detriment.  The Debtors, however, have not alleged any facts in support for such accusations.  Because the Debtors apparently believe that they have a basis to assert a claim of fraud, the Debtors should be required to assert such allegations in an adversary proceeding before embarking on related discovery.  If the Debtors and their counsel ever file a pleading setting forth such incendiary claims, their allegations of fact will be required to be pleaded with particularity.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")  And if called upon, Westside will deny those allegations and more.  Westside has, at all times, acted in good faith.  Westside entered an agreement to purchase property from the Debtors and did not fund the purchase price prior to the closing deadline.  As a result, Westside has lost the Deposit - $3,063,000.  Westside has also incurred expenses in excess of $500,000.00 in due diligence, legal and business expenses related to the transaction.

---

[2] See Motion to Compel Westside Property Investment Company, Inc. To Turnover Escrow Agreement and All Relevant Evidence Related To Money Transfers Related to The Deposit Required To Be Funded Under The Asset Purchase Agreement [Doc. 289] filed July 30, 2023.  This motion was subsequently withdrawn by the Debtors, after Westside pointed out to Debtors' counsel that, contrary to the assertion made by the Debtors in the motion, Westside had, in fact, provided Debtors with proof of the timely funding of the Deposit with the Escrow Agent on the day the Deposit was made.

[3] Hearing on Debtors' motion to continue confirmation hearing on July 25, 2023.

22.     If the Debtors believe there is a basis for an action against Westside, the Debtors should be required to file an adversary complaint, and to then take discovery under the Federal Rules of Civil Procedure.

**At a Minimum, the Scope of the Request<br>Must Be Limited and Additional Time is Needed For Production**

23.     The Rule 2004 Notice [Doc. 309] calls for the production of essentially every scrap of paper related to the Amended APA in Westside's possession, custody and control. *See* Rule 2004 Notice, Document Requests No. 1, 2, 9-18. Further, the notice seeks to force Westside to open up its finances to the Debtors' perusal. Id., Document Requests No. 3-8. The scope and breadth of the documents demanded by the Rule 2004 Notice is impossible to comprehend in the current vacuum, with no pending pleading or claim from which to evaluate the reasonableness of such discovery.

24.     "Ordinarily the financial records of a party are not discoverable unless the documents themselves or the status which they evidence is somehow at issue in the case." *Aspex Eyewear, Inc. v. Ross*, 778 So.2d 481, 481–82 (Fla. 4th DCA 2001); *see also Capco Props., LLC. v. Monterey Gardens of Pinecrest Condo.*, 982 So.2d 1211, 1213–14 (Fla. 3d DCA 2008), rev. den., 1 So.3d 172 (Fla.2009). Further, a request for the wholesale production of financial documents that are not relevant to any issue in the case is overbroad and improper. *See Banc of Am. Inv. Servs., Inc. v. Barnett*, 997 So.2d 1154, 1157–58 (Fla. 3d DCA 2008).

25.     Furthermore, the Rule 2004 Notice could require Westside to produce personal financial information of individuals who might be "partners, funding sources and the like, . . ." *See* Rule 2004 Notice, Document Request No. 9. It is abundantly clear that Article I, Section 23 of the Florida Constitution protects the financial information of person against disclosure through litigation in the absence of relevant and compelling reasons to require such disclosure. *Rowe v.*

*Rodriguez-Schmidt*, 89 So.3d 1101, 1103-4 (Fla. 2d DCA 2012). It is well-established in Florida that confidential financial information enjoys tremendous protection under the Florida Constitution against involuntary disclosure. *Woodward v. Berkery,* 714 So. 2d 1027 (Fla. 4th DCA 1998). "In determining whether confidential information should be subject to discovery, the court must balance the competing interests to be served by granting or denying the discovery." *Aetna Life Ins. Co. v. Hausman*, 598 So.2d 223 (Fla. 5th DCA 1992).

WHEREFORE, Westside requests that the Court enter a protective order: (a) prohibiting the examination under the Rule 2004 Notice; or (b) limiting the scope of the documents requested and allowing additional time for production.

Dated: September 1, 2023

Respectfully submitted,

**SAUL EWING LLP**
*Attorneys for Westside Property Investment Company, Inc.*

By: */s/ David A. Golin*
 David A. Golin (Pro Hac Vice)
 161 North Clark Street, Suite 4200
 Chicago, Illinois 60601
 Telephone: (312) 876-7805
 David.golin@saul.com

 John A. Turner
 Florida Bar No. 000922
 515 N. Flagler Drive, Suite 1400
 West Palm Beach, Florida 33401
 Telephone: (561) 650-8495
 John.turner@saul.com

 Carmen Contreras-Martinez
 Florida Bar No. 93475
 701 Brickell Avenue, Suite 1700
 Miami, Florida 33131
 Telephone: (305) 428-4500
 Carmen.contreras-martinez@saul.com