

ORDERED in the Southern District of Florida on September 5, 2023.



**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| BANYAN CAY RESORT & GOLF, LLC, *et al*[1] | Case No. 23-12386-EPK |
| | (Jointly Administered) |
| Debtors._____/ | |

**ORDER GRANTING RELIEF TO BELLEFRAU GROUP, LLC PURSUANT TO (A) JOINDER IN U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S EMERGENCY MOTION TO (I) COMPEL DEBTORS TO COMPLY WITH PARAGRAPH 7 OF THE SALE ORDER; (II) AMEND THE SALE ORDER TO SUBSTITUTE LENDER'S APA; AND (III) AUTHORIZE U.S. REAL ESTATE CREDIT HOLDINGS III-A'LP'S CREDIT BID, AND (B) REQUEST FOR SIMILAR AND RELATED RELIEF**

**THIS CAUSE** came before the Court for hearing (the "Hearing") on August 16, 2023 at 1:30 p.m., on *Bellefrau Group, LLC's (A) Joinder in the Emergency Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sale Order; (II) Amend the Sale Order to Substitute Lender's APA; and Amend Sale Order, and (III) Authorize U.S. Real Estate Credit Holdings III-A, LP's*

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

12357638-5

*Credit Bid, and (B) Request for Similar and Related Relief* [ECF No. 320] (the "Joinder").[2] Pursuant to the Joinder, Bellefrau Group, LLC seeks to purchase the Bellefrau Collateral[3] pursuant to sections 363(b), (f), (k), (m) and (n) of the Bankruptcy Code free and clear of any and all liens, claims, encumbrances and interests of any kind for a credit bid amount equal to $300,000 (the "Sale Transaction").

The Court, having reviewed and considered the *Emergency Motion to (I) Compel Debtors to Comply with Paragraph 7 of the Sale Order; (II) Amend the Sale Order to Substitute Lender's APA; and Amend Sale Order, and (III) Authorize U.S. Real Estate Credit Holdings III-A, LP's Credit Bid* [ECF No. 308](the "Motion to Compel"), the Joinder, the *ore tenus* motion by ZJC, LLC to join in the Motion to Compel, the *Objection of the Gatto Parties to The Lender's Emergency Motion* [ECF No. 319] (the "Gatto Objection"], the Sale Order [ECF No. 183], the arguments of counsel at the Hearing, the Debtors' support of the Motion to Compel as set forth in the *Debtors' Consent* [ECF No. 318] and as expressed by the Debtors' counsel at the Hearing (together, the "Debtors' Consent"), and the entire record in this case, and otherwise being fully informed, the Court:

**ORDERS** as follows:

1. For the reasons as set forth more fully on the record at the Hearing, which are incorporated by reference herein, the Joinder by Bellefrau Group, LLC is **GRANTED**, including as set forth herein.

2. The Sale Transaction for the sale of the Bellefrau Collateral to Bellefrau Group,

---

[2] Capitalized terms used herein shall have the meanings proscribed in the Joinder or the Sale Order [ECF No. 183], respectively.

[3] The collateral securing the allowed secured claim of and mortgage loan from Bellefrau Group, LLC consists of Lots 18 and 19, Plat 1, President Country Club, as recorded in Plat Book 29, Page 72 through 76, inclusive of the Public Records of Palm Beach County, Florida (the "Bellefrau Collateral").

LLC or its assigns or designee for a credit bid in an amount equal to $300,000 (the "Credit Bid Amount") is approved in all respects, including as set forth in and pursuant to paragraph 7 of the Sale Order.  For avoidance of doubt, the Credit Bid Amount is and shall be the total purchase price being paid by Bellefrau Group, LLC for the Bellefrau Collateral, which Credit Bid Amount shall constitute a reduction of the allowed secured claim of, and mortgage debt owed to, Bellefrau Group, LLC in respect of the Bellefrau Collateral. In no event shall the Credit Bid Amount be payable in cash.

3. Promptly after the entry of this Order, the Debtors and Bellefrau Group, LLC shall consummate the Sale Transaction.  In connection therewith and pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized, directed and empowered to, and shall, take any and all actions necessary or appropriate to (a) consummate the Sale Transactions pursuant to and in accordance with the terms and conditions hereof and of the Sale Order, (b) cooperate with Bellefrau Group, LLC in connection with the Sale Transaction, and (c) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of their obligations as contemplated hereby, in each case without further notice to or order of this Court.  In connection with the Sale Transaction, the Debtors, as applicable, shall execute and deliver to Bellefrau Group, LLC or its assigns or designees, (i) a special warranty deed evidencing the transfer of the Bellefrau Collateral, (ii) an affidavit stating the applicable Debtor's taxpayer identification number for federal income tax purposes and that such Debtor is not a foreign person within the meaning of Section 1445 of the Internal Revenue Code, (iii) documents reasonably required by the title company used by Bellefrau Group, LLC to consummate the Sale Transactions, and (iv) all other customary documents, instruments and writings reasonably requested by Bellefrau Group, LLC in

connection with the Sale Transaction.

4.     At and after the consummation of the Sale Transaction, and without further consideration, the Debtors shall promptly execute and deliver such other and further instruments of conveyance, assignment and transfer, and take such other actions, as Bellefrau Group, LLC may request to effectuate the Sale Transaction in full or to clarify, identify or more precisely describe any matter in connection therewith.

5.     The sale of the Bellefrau Collateral to Bellefrau Group, LLC (or its assigns or designees) hereunder is and shall be free and clear of (i) any and all "claims" as such term is defined in the Bankruptcy Code and jurisprudence interpreting the Bankruptcy Code and shall include, among other things, any and all claims or orders arising under any federal or state environmental laws and any and all claims or rights based on successor, tort and products liability, and (ii) any mortgage, deed of trust, hypothecation, contractual restriction, pledge, lien, encumbrance, right, remedy, interest, lease, charge, security interest, put, call, other option, right of first refusal, right of first offer, servitude, right of way, easement, conditional sale or installment contract, finance lease involving substantially the same effect, security agreement or other encumbrance or restriction on the use, transfer or ownership of any property of any type (including real property, tangible property and intangible property and including any "lien" as such term is defined in the Bankruptcy Code), in each case of any person or entity to the fullest extent permitted pursuant to section 363(f) of the Bankruptcy Code (collectively, the "Liens and Claims"), provided however, that the Liens and Claims shall not include the ad valorem taxes owed to Palm Beach County, Florida on the Bellefrau Collateral, which ad valorem taxes shall remain a lien on the Bellefrau Collateral after the consummation of the Sale Transaction in accordance with applicable law.

6. The holders of any Liens and Claims and other non-Debtor parties who did not object to the Sale Order or the Joinder are deemed to have consented to this Order, the Bid Procedures Order, the Sale Order, and the Sale Transaction pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against Bellefrau Group, LLC, its affiliates, any agent of the foregoing, or the Bellefrau Collateral, whether to recover any Lien and Claim which such person or entity has against Debtors or any of their affiliates or otherwise.

7. The transfer of Bellefrau Collateral to Bellefrau Group, LLC or its assigns or designees constitutes a legal, valid, and effective transfer and conveyance of the Bellefrau Collateral and shall vest Bellefrau Group, LLC with all of the Debtors' right, title, and interest in and to the Bellefrau Collateral free and clear of all Liens and Claims as set forth herein.

8. The Sale Transaction and each and every term and provision of this Order and the Sale Order as it relates to the Sale Transaction shall be binding in all respects upon all entities, including, but not limited to the Debtors, all creditors of the Debtors and the Debtors' bankruptcy estates, all members of and equity holders in the Debtors, administrative agencies, governmental agencies, secretaries of state, federal, state and local officials and parties-in-interest, and their respective successors or assigns, including but not limited to, all persons asserting any Lien and Claim against or interest in the Debtors' estates or the Bellefrau Collateral, including any subsequently appointed trustee or other fiduciary under any section of the Bankruptcy Code.

9. This Order: (i) is and shall be effective as a determination that, upon the consummation of the Sale Transaction in accordance herewith, all Liens and Claims, including but not limited to, mechanic's lien claims, existing as to the Bellefrau Collateral being conveyed hereunder have been and hereby are adjudged to be unconditionally released, discharged and terminated; and (ii) shall be binding upon and govern the acts of all entities, including all filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental agencies or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property conveyed to Bellefrau Group, LLC. All Liens and Claims of record as of the date of this Order shall be removed and stricken as against the Bellefrau Collateral in accordance with and subject to the terms of this Order.

10. Upon the consummation of the Sale Transaction, Bellefrau Group, LLC and its successors, assigns, or designees, shall not be deemed to be: (a) a successor-in-interest to the Debtors; (b) a party to a *de facto* merger of with the Debtors; or (c) a mere continuation of the Debtors. Without limiting the generality of the foregoing, Bellefrau Group, LLC shall not be liable for any claims against the Debtors or any of their predecessors, other than as expressly provided for in this Order. Further, except as expressly provided this Order, Bellefrau Group, LLC is not assuming nor shall it in any way be liable or responsible, as successor or otherwise, for any claims, liabilities, debts, obligations, or Liens and Claims of the Debtors or their estates of any kind or character in any way whatsoever relating to or arising from the Bellefrau Collateral or otherwise, or the Debtors' operation or use of the Bellefrau Collateral prior to the consummation of the Sale Transaction, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, under the laws of the United States, any state, territory, or possession of the United States, the District of Columbia, or any other country or foreign jurisdiction.

11. Bellefrau Group, LLC is purchasing the Bellefrau Collateral in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is

therefore entitled to the full rights, benefits, privileges and protections of that provision.

12. The Credit Bid Amount being paid by Bellefrau Group, LLC is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, the Uniform Fraudulent Conveyance Act, and any other applicable law, and the Sale Transaction may not be avoided or rejected by any person, or costs or damages imposed or awarded against Bellefrau Group, LLC, under section 363(n) or any other provision of the Bankruptcy Code.

13. Bellefrau Group, LLC is not assuming any contracts or leases of the Debtors, and for the avoidance of doubt shall further not be responsible for any obligations to pay any contractors or materialmen under any contracts for any labor, materials or otherwise with respect to any contracts related to any construction relating to the Bellefrau Collateral or otherwise.

14. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.

15. The automatic stay pursuant to section 362(a) of Bankruptcy Code is hereby modified, lifted, and annulled with respect to the Debtors and Bellefrau Group, LLC, to the extent necessary, without further order of this Court, to (a) consummate the Sale Transaction, and (b) take any and all actions necessary or advisable in connection therewith.

16. Notwithstanding anything herein to the contrary, nothing in this Order shall be, or be deemed to be, a waiver or release of, or limit, affect, restrict or otherwise impact, the rights of (1) Bellefrau Group, LLC: (i) against any other entity or person liable for all or any part of the amounts owed to Bellefrau Group, LLC; and/or (ii) to exercise any and all remedies against any other entity or person, including (a) related to any matter involving the Debtors for amounts loaned

to or invested as equity in any of the Debtors or their affiliates, and/or (b) against any other collateral securing that certain Mortgage, Assignment of Rents and Security Agreement (the "Mortgage"), dated August 23, 2021 from DJG Realty, LLC, including in respect of that certain condominium unit know as Unit 2006 in The Lands of the President Condominium Three as more fully described in the Mortgage, or (2) Domenic J. Gatto Jr., Domenic F. Gatto Sr., Kim Pillar, DJG Realty, LLC or any other person or entity (collectively the "Gatto Parties") against Bellefrau Group, LLC and its affiliates, managers, owners and subsidiaries, including such rights, claims and defenses related to any matters listed in (1)(i) and (1)(ii) of this paragraph 16, provided however, that the reservations of the Gatto Parties above shall not constitute, and shall not be deemed to constitute, a waiver or release of, or limit, affect, restrict or otherwise impact, the rights, benefits and protections afforded to Bellefrau Group, LLC or its designees under this Order with respect to the Sale Transaction or any aspect thereof, including the Credit Bid Amount and the provisions of paragraph 12 related thereto, and the protections afforded under section 363(m) of the Bankruptcy Code.

17.     This Court shall retain jurisdiction to interpret, implement and enforce the terms and provisions of this Order, the Sale Order, and each other document or agreement executed in connection therewith.

###

8

<u>Submitted by:</u>
Paul J. Battista, Esq.
Venable LLP
*Attorneys for Bellefrau Group, LLC*
100 S.E. Second Street, 44th Floor
Miami, FL  33131
Telephone No.  (305) 349-2300
Email:  pjbattista@venable.com

*Attorney Battista is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.*"