UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) |
|  | ) Case No. 23-12386 |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**DEBTORS' OBJECTION TO
WESTSIDE PROPERTY INVESTMENT COMPANY, INC.'S MOTION FOR
PROTECTIVE ORDER REGARDING NOTICE OF RULE 2004 EXAMINATION**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this objection (this "Objection"):

**Background**

1. On March 29, 2023 (the "Petition Date"), each of the Debtors other than Banyan Cay Mezzanine Borrower, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") before the Bankruptcy Court. Banyan Cay Mezzanine Borrower, LLC filed its voluntary petition for relief on February 16, 2023.

2. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Objection, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The address of the Debtors is 1900 Banyan Club Road, West Palm Beach, Florida 33401.

3. No committee has been appointed in the Debtor's Chapter 11 Case pursuant to section 1102 of the Bankruptcy Code.

4. On August 10, 2023, the Debtors filed that certain *Notice of Rule 2004 Examination Duces Tecum* [Docket No. 309] (the "2004 Notice"), seeking the production of certain documents from Westside Property Investment Company, Inc. ("Westside") pursuant to Federal Rule of Bankruptcy Procedures 2004 ("Rule 2004"). On September 1, 2023, Westside filed that certain *Westside Property Investment Company Inc.'s Motion for Protective Order Regarding Notice of Rule 2004 Examination* [Docket No. 332] (the "2004 Prohibition Motion"), requesting that this Court prohibit, or at a minimum limit the production sought in the 2004 Notice.

## Argument

**I.   Good Cause Exists for the Rule 2004 Examination.**

5. The 2004 Prohibition Motion, while correctly citing the standards for Rule 2004 examination, appears to assert that no good cause exists for the production requested in the 2004 Notice based on two somewhat contradictory premises. On the one hand, Westside asserts that there is no good cause for the production sought because there are no "colorable grounds" for the claims the Debtors seek to establish. Contradictorily, Westside further indicates that "[the Debtors] believe that Westside has engaged in fraud and intentional misrepresentation." They go on to assert that any such claims would need to be plead with particularity, as if the heightened pleading standard somehow cuts *against* an examination of whether wrongdoing occurred when in reality the heightened standard underscores the need to ascertain any wrongdoing *ex ante*.

6. Indeed, "[l]egitimate goals of Rule 2004 examinations include 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.

2

S.D.N.Y. 2002)).  While it is true that it "may not be used for purposes of abuse or harassment and it cannot stray into matters which are not relevant to the basic inquiry," *Id.* (internal quotations omitted), that is clearly not the case here.  The 2004 Notice includes nary an indication of abuse or harassment, and the "basic inquiry" is clearly the examination of the Westside transaction and whether any wrongdoing has occurred.  This is patently an ordinary and appropriate application of Rule 2004 discovery that fits within its "legitimate goals."

7. Moreover, Westside's bold assertion that "the Debtors should be required to assert [fraud] allegations in an adversary proceeding before embarking on related discovery" flies directly in the face of the well-settled proposition that "[o]ne of the *primary purposes* of a Rule 2004 examination is as a pre-litigation device." *In re Camferdam*, 597 B.R. 170, 174 (Bankr. N.D. Fla 2018) (citing *In re Wash. Mut., Inc.*, 408 B.R. at 53) (emphasis addeed).  Where a debtor has identified a transaction and believes there is a likelihood that it holds certain claims related to that transaction or certain wrongdoing may have occurred in connection with that transaction, a debtor may propound Rule 2004 discovery as part of the "fishing expedition" that is a core tenet of Rule 2004.  The notions that (i) a debtor must assert a colorable claim to invoke Rule 2004, but at the same time (ii) if the debtor *has* asserted a claim, it should have to bring an adversary complaint instead of proceeding under Rule 2004, are inherently contradictory.  Westside's application of Rule 2004 would render it devoid of application against non-debtor parties, which of course, it is not.

## II.   The Scope of the Request is Appropriate Under Rule 2004.

8. Similarly, Westside's statement that "[t]he scope and breadth of the documents demanded by the Rule 2004 Notice is impossible to comprehend in the current vacuum, *with no pending pleading or claim* from which to evaluate the reasonableness of such discovery"

(emphasis added), similarly denies the applicability of Rule 2004 in the pre-litigation context. Furthermore, it is rather telling that the lion's share of Westside's authority comes from state court trial litigation (not Rule 2004 pre-litigation discovery) that shares the similar defect that documents are not discoverable "unless the documents themselves . . . [are] somehow *at issue in the case.*" *Aspex Eyewear, Inc. v. Ross*, 778 So.2d 481, 481–82 (Fla. 4th DCA 2001) (emphasis added).

9. "Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (internal quotations and citations omitted). Westside, it appears, has fallen into this very trap, by repeatedly asserting that "the wholesale production of financial documents that are not relevant to any issue in the case is overbroad and improper." Citing *Banc of Am. Inv. Servs., Inc. v. Barnett*, 997 So.2d 1154, 1157–58 (Fla. 3d DCA 2008).

10. There need not be a specific "issue in the case" in the context of pre-suit litigation; however, because the financial information sought in the 2004 Notice bears directly on the Westside sale transaction that is the basic inquiry of the 2004 Notice (including the Debtors' fishing expedition as to whether claims against Westside may exist as to both its performance and intent), it should be produced. The requests in the 2004 Notice regarding Westside's financial ability are each directed to specific points in time, each of which are germane to the Westside transaction (namely, the date of the execution of the original agreement, the dates of the amendments thereto and restatements thereof, the date of the hearing to consider the sale to Westside, and the date of the entry of the order approving the same). There exists good cause for the production of documents sought in the 2004 Notice, as set forth in Section I *supra*, and the financial information sought is directed at specific points in time germane to the basic inquiry of the 2004 Notice. There

4

is no risk of misuse of any information by the Debtors, as the Debtors seek only to vindicate their own rights and determine Westside's ability to consummate transactions with the Debtors at key stages in the negotiation thereof.

## Conclusion

WHEREFORE, the Debtors respectfully request the Court enter an order (i) denying the 2004 Prohibition Motion, and (ii) granting related relief as the Court deems just and proper.

Dated:  September 15, 2023

    Respectfully submitted,

    **PACK LAW**
    *Counsel to the Debtors*
    *and Debtors-in-Possession*
    51 Northeast 24th Street, Suite 108
    Miami, Florida 33137
    Telephone: (305) 916-4500

    By:  */s/ Jessey J. Krehl*
    Joseph A. Pack
    Email:  joe@packlaw.com
    Florida Bar No. 117882

    Jessey J. Krehl
    Email:  jessey@packlaw.com
    Florida Bar No. 1025848

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing materials to be served via CM/ECF to all parties registered to receive electronic notice thereby, including Carmen Contreras-Martinez and John Anthony Turner on behalf of Westside Property Investment Company, Inc., on September 15, 2023.

    By:  */s/ Jessey J. Krehl*
    Jessey J. Krehl
    Email:  jessey@packlaw.com
    Florida Bar No. 1025848