UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re:<br><br>Banyan Cay Resort & Golf, LLC, *et al.*[1]<br><br>Debtors. | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 23-12386-EPK<br>)<br>)  (Jointly Administered)<br>) |

**DEBTORS' MOTION TO CONVERT CHAPTER 11 CASES TO CHAPTER 7**

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this *Debtors' Motion to Convert Chapter 11 case to Chapter 7* (this "Motion") seeking the entry of an order, substantially in the form of the order attached hereto as **Exhibit A** (the "Proposed Order"), converting the above-captioned chapter 11 cases (the "Chapter 11 Cases") to chapter 7. In support of this Motion, the Debtors respectfully state:

**Background**

1. This Bankruptcy Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The mailing address of the Debtors is 1601 Jackson Street, Suite 200, Fort Myers, Florida 33901.

3. On March 29, 2023(the "Petition Date"), each of the Debtors other than Banyan Cay Mezzanine Borrower, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") before the Bankruptcy Court. Banyan Cay Mezzanine Borrower, LLC filed its voluntary petition for relief on February 16, 2023.

4. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

5. The last date set for the Debtors to file a plan of reorganization and disclosure statement was July 27, 2023. The Debtors filed a plan and disclosure statement on June 11, 2023, but the plan was not ultimately confirmed.

6. The deadline for nongovernmental creditors to file proofs of claim was June 7, 2023.

7. The deadline for governmental creditors to file proofs of claim was September 25, 2023.

## Relief Requested

8. By this Motion, the Debtors seek entry of the Proposed Order, which substantially conforms to the form order promulgated by the Bankruptcy Court, converting the Chapter 11 Cases to cases under chapter 7 pursuant to section 1112(a) of the Bankruptcy Code.

**Basis for Relief**

9. Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case under chapter 11 to a case under chapter 7 as long as certain enumerated conditions are not met. 11 U.S.C. §1112(a).

10. Specifically, section 1112(a) provides, in relevant part, that a debtor may convert a chapter 11 case to chapter 7 unless:

> (1) the debtor is not a debtor in possession;
>
> (2) the case originally was commenced as an involuntary case under this chapter; or
>
> (3) the case was converted to a case under this chapter other than on the debtor's request.

11. As this Court is well aware, the primary purpose of these Chapter 11 Cases was to dispose of the Debtors' assets to maximize recovery to creditors.

12. The Debtors have closed on the credit bid transactions of substantially all of their assets. The Debtors each remain a debtor in possession, the Chapter 11 Cases are each the result of a voluntary filing, and the Chapter 11 Cases were not converted to a case under chapter 11 by request of a party other than the Debtors. Accordingly, the requirements of section 1112(a) of the Bankruptcy Code are satisfied in the instant case.

13. While the Debtors engaged in a robust marketing and sale process, the Debtors ultimately were not able to consummate their proposed sale due to the failure of Westside Property Investment Company, Inc. to close on the sale of the Debtors' assets. The Debtors' secured creditors ultimately credit bid on their respective collateral. The Debtors believe that it is no longer in the best interest of other creditors and parties in interest to proceed under chapter 11.

14. Additionally, the deadlines for all parties in interest to file proofs of claim have passed and there is no further forthcoming plan of reorganization. The primary purpose of these Chapter 11 Cases was to liquidate substantially all of the Debtors' property, and the Debtors respectfully submit that, in light of the closing of credit bid transactions on substantially all of such assets, there remains nothing left to accomplish in chapter 11 that cannot be accomplished in chapter 7.[2]

WHEREFORE, the Debtors respectfully request that this Court enter the proposed Order converting these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

Dated: January 9, 2024

        Respectfully submitted,

        **PACK LAW, P.A.**
*Counsel to the Debtors and Debtors-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By: */s/ Jessey J. Krehl*
    Joseph A. Pack
    Email: joe@packlaw.com
    Florida Bar No. 117882
    Jessey J. Krehl
    Email: jessey@packlaw.com
    Florida Bar No. 1025848

---

[2] The Debtors' Chief Restructuring Officer and secured lender, pursuant to the supplemental debtor in possession financing order [Docket No. 321], have agreed that $40,000.00 from the proceeds of the settlement with Papico Construction, Inc., as set forth in the motion to compromise controversy therewith [Docket No. 378] and order approving the same [Docket No. 404] shall not be turned over to the Secured Lender. The Debtors shall utilize these funds solely for the reimbursement of the Debtor professionals' out-of-pocket expenses, consistent with the order approving the retention and compensation of the Debtors' Chief Restructuring Officer [Docket No. 108] and the order granting the third interim application for compensation and reimbursement of the Debtors' counsel [Docket No. 417].

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 9th day of January, 2024 via CM/ECF on all parties registered to receive electronic service thereby in these Chapter 11 Cases.

By: ___*/s/ Jessey J. Krehl*___
       Jessey J. Krehl, Esq.

**Exhibit A**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| Banyan Cay Resort & Golf, LLC, *et al.*[1] | ) |
|  | ) Case No. 23-12386-EPK |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

### ORDER CONVERTING CASES UNDER
### CHAPTER 11 TO CASES UNDER CHAPTER 7

The debtors in possession have filed a motion to convert these cases to cases under chapter 7 pursuant to 11 U.S.C. § 1112(a). Since these cases were not commenced as involuntary cases under chapter 11, nor have the cases been converted to cases under chapter 11 other than on the debtors' request, the court finds that the debtors are entitled to be debtors under chapter 7.

---

[1] The Debtors are: (i) Banyan Cay Investment, LLC; (ii) Banyan Cay Mezzanine Borrower, LLC; (iii) Banyan Cay Resort & Golf LLC; (iv) Banyan Cay Dev. LLC; (v) Banyan Cay Villas, LLC; and (vi) Banyan Cay Maintenance, LLC. The mailing address of the Debtors is 1601 Jackson Street, Suite 200, Fort Myers, Florida 33901.

It is **ORDERED** that:

1. These chapter 11 cases are converted to cases under chapter 7.

2. If applicable, the debtors shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the debtor). Failure to pay this fee will result in dismissal of the cases.

3. The debtors shall, to the extent necessary:

    a. Forthwith turn over to the chapter 7 trustee all records and property of the estates under its custody and control as required by Bankruptcy Rule 1019(4);

    b. Within 30 days of the date of this order, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

    c. File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). The debtors or debtors' attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The debtors shall file, within 14 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B), to the extent necessary.

5. Pursuant to Local Rule 2016-1(C)(2), the debtors' attorney, or any other professional person employed under 11 U.S.C. § 327 or 1103, shall file within 90 days after the date of the post-conversion meeting an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney

for the debtors in possession shall notify all such professionals of this deadline by serving them with a copy of this order.

  6. The debtors shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

  7. Failure of the debtors to comply with the provisions of this order may result in dismissal of the cases without further hearing or notice.

###

**Submitted by:**
Jessey Krehl, Esq.
Attorney for the Debtors and Debtors-in-Possession
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jessey@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.